Battle, J.
 

 We are of opinion that his Honor erred in direct
 
 *208
 
 ing the judgment of nonsuit. The order under which the plaintiff was required to produce upon the trial the letter in question, was founded upon the 86th section of the 31st chapter of the Revised Statutes. That section declares that Courts of law “ shall have full power, in the trial of actions before them, on motion and due notice thereof being given, to require the parties to produce books or writings in their possession or power, which con-(ain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in Chancery ; and if a plaintiff shall fail to comply with such order to produce books or writings, or shall not satisfactorily account for such failure, it shall be lawful for such Courts respectively, on motion, to give the like judgment for the defendant as in cases of nonsuit; and if a defendant shall fail to comply with such order to produce books or writings, or shall not satisfactorily account for such failure, it shall be lawful for such Courts respectively, on motion as aforesaid,.to give judgment against him or her by default.” Supposing that the Court had the power, upon the defendant’s affidavit, to make (he order requiring the plaintiff to produce the letter in question, (and we think it had) the Act itself shows that he was not required to perform an impossibility, upon pain of losing his suit. He might fail to comply with the order, and yet if he could give a satiractory account of the cause of such failure, he was to be excused. We cannot well imagine how a more satisfactory account could have been given than was done in this case. Assuming that the letter came to the hands of the plaintiff, which is not' certain, he swears that he has no recollection of having ever seen if since he wrote and despatched it to the defendant; that he has not knowingly or wilfully destroyed it; that after a most diligent search — a search stimulated by the desire of using it as evidence for himself — he cannot find it; that he does not believe that he has it in his possession, and that he has no copy of it. He then does the best lie can, by stating his recollection of its contents. We have no idea that a Court of Chancery would, under such circumstances, have insisted upon the production of the paper, (Adam’s Eq. 14; 3 Dan. Chan. Pr. 2049); and the power of a ■Jourt of Law is expressly limited by that of the Court of Chan-lery.
 

 
 *209
 
 The judgment must be reversed, which will be certified to the Superior Court of law for Cumberland county,' to the end that the plaintiff may proceed in his action.
 

 Pek Curiam. Judgment reversed.