CAVANAUGH *v*. ROBINSON.

1. ATTORNEY AND CLIENT—CONTINGENT FEE—CONTRACT—CONSTRUCTION.

A contract by an attorney to procure payment of a legacy to the heirs for a contingent fee based on a percentage of the amount collected contemplates that the attorney shall perform whatever services may be necessary, including services in the taking of an appeal rendered necessary by an erroneous decision of the trial court.

2. SAME—QUANTUM MERUIT.

Where an attorney contracted with the agent of certain heirs to get the assets of the estate paid over to them for a contingent fee of 25 per cent. of the amount collected, and to pay to the agent one-third of such contingent fee, the fact that the agent declined to furnish a bond on an appeal, rendered necessary by an erroneous decision of the trial court, was not a breach of the contract entitling the attorney to recover on a quantum meruit, merely because he successfully prosecuted an appeal not expressly provided for in the contract, without assistance from the heirs or their agent, and was enabled thereby to make the collection.

Error to Kalamazoo; Adams, J. Submitted November 16, 1904. (Docket No. 96.) Decided December 22, 1904.

Assumpsit by Thomas J. Cavanaugh against Ellen Robinson and others for services rendered. There was judgment for plaintiff for less than the amount claimed, and he brings error. Affirmed.

*Alfred J. Mills*, for appellant.

*Howard & Howard*, for appellees.

MONTGOMERY, J. The controversy in this suit is over attorney's fees claimed by the plaintiff in a suit for the construction of the will of Jane Korth, wherein the defendants in this suit were complainants and Mary Finch

was defendant. (*Robinson* v. *Finch*, 116 Mich. 180). The defendants herein are residents of Ireland. J. H. Hubbell & Co., of New York City, acted as their agents in the litigation in regard to the will, and are still acting as their agents in this matter. J. H. Hubbell & Co., acting as agents as aforesaid, first wrote to James E. Chandler, then an attorney at Paw Paw, Mich., in regard to the will controversy. Mr. Chandler was at that time a partner of Judge Heckert, and Judge Heckert was then the probate judge of Van Buren county, and Mr. Chandler, for that reason, not caring to act in the case, recommended to Hubbell & Co. that they employ the plaintiff in this case, Thomas J. Cavanaugh, who was then, and still is, a practicing attorney at Paw Paw.

The arrangement between Hubbell & Co. and said Cavanaugh was all by correspondence, and we insert the letters that we deem to be material to an understanding of the issue involved. The first is as follows:

"NEW YORK CITY, Feb. 17, 1896.
"THOMAS J. CAVANAUGH, Esq.,
   "First National Bank Building,
      "Paw Paw, Michigan.

"*Dear Sir:* In further acknowledgment of your report of December 7th, which we communicated to our correspondent in Ireland, we regret that he has advised us that his clients are not in a position to advance the necessary funds to contest the claim of the Weldens to the assets of the estate. As we judge from your report that it will be necessary to file a bill in chancery to get a construction placed upon the will, we should like to have you advise us if you would undertake the necessary legal work on a contingent fee. Our clients are too poor to pay any court costs, or any fee for services, unless chances of success warrant you in undertaking to prosecute their interests, your fee to be wholly contingent upon your succeeding. We wish you would advise us what would be your charge in case you could get the assets paid over to the heirs of Thomas Robinson. *  *  *

"We shall be pleased to hear from you at your earliest convenience.
            "Yours truly,
               "J. H. HUBBELL & CO."

The material portion of Mr. Cavanaugh's reply to this letter reads as follows:

"PAW PAW, 2—19—1896.
" J. H. HUBBELL & CO.,
      " 309 Broadway, New York.
  " *Dear Sirs:* Replying to your favor of the 17th inst., will say that    *    *    *    we would be willing to undertake the collection of these legacies upon a contingent fee, provided clients will forward the amount of actual costs, that is the court costs, etc.   It would be necessary that $10 be advanced towards the costs, upon receipt of which we will prepare a bill and have a construction placed upon the will.   Should it turn out that we were unsuccessful, clients would have to pay taxable costs, which would amount to about $40.   Should our fees be contingent as indicated above, we should expect to charge clients 25 per cent. of amount collected, one-third to go to you and two-thirds to be retained by ourselves.   If this matter is to be contested it ought to be attended to at once.   It will take some little time to prepare a bill and some further time to have it signed by some one of the legatees.    *    *    *
                    " Very truly yours,
                          "T. J. CAVANAUGH."

Hubbell & Co.'s reply reads as follows:

" NEW YORK CITY, March 2nd, 1896.
" THOS. J. CAVANAUGH, Esq.,
      "First National Bank Building,
            " Paw Paw, Mich.
  " *Dear Sir:* We are in receipt of your letter of the 19th ult. inclosing us a copy of the will of Jane Korth, deceased, for which we thank you.

  "As we wrote you on February 17th, our clients are not in a position to advance the amount necessary to enable us to file a bill in your chancery court to get a construction upon the will, and before rendering ourselves liable for so large a sum as $40, we shall much appreciate your giving us as fully as you can the different points, both pro and con, upon which the judge would be called to pass.   If you will be good enough to itemize the statements on a separate sheet, we shall be glad to submit them to one. of our correspondents at Detroit or Grand Rapids and request him to favor us with his views, and should his findings be favorable, we will advance you the neces-

sary court costs to file a bill in the chancery court, asking for a construction upon the clause of the will.

"We shall be pleased if you will let us have a statement of the different points at issue at the very earliest date possible.

"Yours truly,
"J. H. HUBBELL & Co."

Hubbell & Co. later wrote to Cavanaugh a letter as follows:

"NEW YORK CITY, July 14, 1896.
"THOMAS J. CAVANAUGH, Esq.,
"Paw Paw, Mich.

"*Dear Sir:* We have delayed answering your communication in regard to proceedings in the above matter, until we could hear from the legal representatives in Ireland. We obtained an opinion from a well-known lawyer in Detroit in regard to the position claimed by you, and he is of the opinion that your views are correct.

"We have, therefore, decided to advance such taxable costs, amounting to not more than $40, as may be necessary to prosecute the suit, upon the terms mentioned in your favor of February 19th.

"Please, therefore, proceed at once and advise us when you desire us to remit the costs in the case.

"Yours truly,
"J. H. HUBBELL & Co."

Cavanaugh's reply is as follows:

"PAW PAW, 7—31—1896.
"J. H. HUBBELL & Co.,
"New York City.

"*Dear Sirs:* In re Jane Korth estate. We will prepare bill and file just as soon as we can reach the matter, which will be in a short time now.

"Very truly yours,
"T. J. CAVANAUGH."

In pursuance of the contract made in these letters, the plaintiff prepared and filed a bill in the circuit court for the county of Van Buren for the construction of the will of Jane Korth. This case went to final hearing, and the case was dismissed by Judge Buck, who was then presiding judge for that circuit. Mr. Cavanaugh's letter an-

nouncing the result of the suit in the circuit court is as follows:

"PAW PAW, 3—23—1897.
" J. H. HUBBELL & Co.,
        " 309 Broadway, New York.
 "*Dear Sirs:* In re Jane Korth estate. Yesterday morning the court handed down a verbal opinion in the Robinson-Finch case, holding that a decree should be entered for the defendants, dismissing our petition. We still think we are right in the premises, and are willing to take our chances and to perform the labor of taking this case to the Supreme Court contingently, provided, of course, that petitioners will pay actual costs. A further bond will have to be filed if it is taken to the Supreme Court. Kindly let us hear from you as to what you want done in the matter, and greatly oblige,
                " Very truly yours,
                        " T. J. CAVANAUGH."

Hubbell & Co.'s letter in reply is as follows:

"NEW YORK CITY, March 25, 1897.
" THOS. J. CAVANAUGH, Esq.,
        " First National Bank Building,
                " Paw Paw, Mich.
 "*Dear Sir:* We are in receipt of your favor of March 23rd and contents noted. Please inform us what the actual costs are thus far and the amount of the bond necessary to be filed to take the case to the Supreme Court, and also the proper costs of the appeal for printing, etc.
 "Please send us the name of the trial judge, also in what court the trial took place and please send us a copy of your and also your opponent's brief used on the trial. We may wish to submit them to counsel.
                " Yours truly,
                " J. H. HUBBELL & Co."

Later Hubbell & Co. wrote as follows:

"NEW YORK CITY, April 29, 1897.
" THOMAS J. CAVANAUGH, Esq.,
                " Paw Paw, Mich.
 " *Dear Sir:* After due reflection we have determined that the amount involved does not warrant us in giving a bond for costs. Our counsel advises us, that if Thomas

Welden is still living, construction of the will is of trifling importance and it may not be worth while to appeal, but if he is dead and the property is worth it, he would appeal.
"J. H. HUBBELL & CO."

Hubbell & Co., at the commencement of the litigation in the circuit court, advanced $15 on the costs. The costs in the circuit court amounted to $47.35, and on May 27th Hubbell & Co. remitted the balance of $32.35. Mr. Cavanaugh, without any further or different arrangement, proceeded himself to appeal the case to this court, and this court decided the case in his favor. *Robinson* v. *Finch,* 116 Mich. 180. He announced the result of the decision of this court to Hubbell & Co. by letter on the 21st day of May, 1898.

Hubbell & Co.'s reply to this letter reads as follows:

"NEW YORK CITY, May 23, 1898.
"THOS. J. CAVANAUGH, Esq.,
           "Paw Paw, Mich.
    "*Dear Sir:* We are in receipt of your favor of the 21st inst., inclosing opinion in the case of Robinson vs. Finch, for which we thank you. We heartily congratulate you upon having the courage of your convictions in carrying this case up on appeal.
         "Yours truly,
             "J. H. HUBBELL & CO."

After the decision of this court in the will case, Hubbell & Co. furnished Mr. Cavanaugh powers of attorney from the defendants, and Mr. Cavanaugh thereupon proceeded under partition proceedings to have the property involved in the will sold. The property sold for $1,255. Mr. Cavanaugh then sent to Hubbell & Co. a bill for his services and disbursements. This bill was not limited in its charges for services to the 25 per cent. agreed upon, but was made up of per diem charges for trial of the case at the circuit and in the Supreme Court. A controversy arose between the plaintiff and Hubbell & Co. over this bill, and by an arrangement between them this suit was instituted for the purpose of having the rights of the parties settled, Mr. Cavanaugh in the meantime depositing

with the First National Bank of Paw Paw the amount in controversy.

On the trial the plaintiff recovered two-thirds of 25 per cent. of the amount realized, and in addition all disbursements made by him, less $47.37, paid to him by Hubbell & Co. Plaintiff brings error.

The sole question is whether the recovery was properly limited to the two-thirds of 25 per cent., or whether, on the other hand, the plaintiff is entitled to recover on a quantum meruit. The contention is that, fairly construed, the correspondence makes a contract to carry the case to completion in the circuit court for 25 per cent. of the amount recovered and an allowance of not to exceed $40 for costs; that the necessity for an appeal was not considered; and that, as the plaintiff did in fact render services which proved valuable to the defendants, they are bound to pay for them.

There is an appearance of abstract justice in the plaintiff's position. He has rendered very valuable services for his clients, and will probably be somewhat inadequately paid if the judgment below stands. Nevertheless, we must be able to find some authority in the contract before we can enlarge the agreed compensation. It will be noted that the letter of Hubbell & Co. of February 17th asks plaintiff to state what his charge would be "in case you get the assets paid over to the heirs of Thomas Robinson." In answer the plaintiff states the figure at 25 per cent. of the amount collected. It is probably true that neither party understood that it would be necessary to appeal the case to the Supreme Court, but their contract was broad enough to include all work essential to secure the fund to the heirs of Thomas Robinson.

It is suggested that the relations of the parties were changed by the refusal of Hubbell & Co. to put up a bond on appeal. This view is fallacious for two reasons: The original contract contemplating that the plaintiff should perform whatever services were necessary to secure the payment of the legacy to the heirs of Thomas Robinson,

and containing no provision that Hubbell & Co. should bind themselves for any amount in excess of $40, they committed no breach of contract when they declined to furnish a bond on appeal. Secondly, if the view were to be accepted that such refusal amounted to a discharge of complainant, and that the original contract only contemplated a trial at the circuit, and did not contemplate at all the contingency of an appeal, we are wholly unable to find any authority for taking such appeal at the charge of the defendants. It happened that the appeal turned out greatly to their advantage. This alone is not enough to entitle the plaintiff to compensation. There must have been an employment.

We think the court below rightly held that what the plaintiff did was in performance of his special contract, and that the appeal was taken in furtherance of his own interests.

The judgment is affirmed.

The other Justices concurred.