[Civ. No. 1229. First Appellate District.—June 12, 1913.]

EMMA PINTO, as Administratrix of the Estate of Julian Pinto, Deceased, Respondent, v. FRANK E. SEELY, Appellant.

APPEAL—PREJUDICE OF TRIAL JUDGE—AFFIDAVIT NOT IN RECORD.—On an appeal from an order denying a motion for a new trial, an affidavit filed in the court below in support of the motion and showing the judge's prejudice, cannot be considered on appeal if not included or referred to in the bill of exceptions.

TRIAL—QUESTIONS TO WITNESS—OBJECTIONS—WHETHER TIMELY AND SUFFICIENT.—Where a question calling for hearsay evidence is answered by the witness before the adverse party has opportunity to object, but immediately after the answer objection is made, accompanied by motion to strike out; and the next question is objected to on the ground that the witness is testifying from hearsay, but the objection is overruled and the testimony is admitted, and motion is then made that the testimony be stricken out, which motion is denied, the objections are timely and adequate.

ID.—MOTION TO STRIKE OUT EVIDENCE—NECESSITY OF PREVIOUS OBJECTION.—A motion to strike out evidence is improperly granted, if not supported by a valid or any previous objection.

ATTORNEY AND CLIENT—FEES OF ATTORNEY—ACTION BY ADMINISTRATRIX TO RECOVER—HEARSAY EVIDENCE.—In an action by an administratrix to recover for legal services rendered by the decedent, who was her husband, her testimony that she knew her husband was attorney for the defendant for several years, that at the time of his death he was attorney for the defendant in a certain action, that he told her that he had a contract whereby he was to have "one-half of what he won," but that she never saw the contract, and the confidences which her husband imparted to her were her only sources of information, is incompetent and insufficient to sustain a finding that the defendant contracted in writing to pay the husband one-half of what might be recovered in the action in question.

ID.—REFUSAL OF ATTORNEY TO PROSECUTE APPEAL—EVIDENCE.—In an action to recover on an attorney's contract to render services for a contingent fee, evidence offered by the defendant that the at-

torney refused to prosecute an appeal should not be stricken out on the ground that the refusal to prosecute the appeal was made after the recovery of judgment. There is no rule of evidence which excludes the testimony because it relates to a fact occurring subsequently to one of the controlling facts in issue.

ID.—DUTY OF ATTORNEY TO PROSECUTE APPEAL AT CLIENT'S REQUEST.— Where an attorney has prosecuted a case to judgment, under an agreement for a contingent fee, his refusal to take an appeal from the judgment is not a breach of the contract sufficient to relieve the client from his obligations thereunder. The making of such a contract by the attorney, coupled with the acceptance of a retainer thereunder, does not, as a matter of law, obligate him to prosecute an appeal to the court of last resort.

ID.—CONTRACT OF ATTORNEY WITH CLIENT—CONSTRUCTION IN FAVOR OF CLIENT.—In construing contracts between attorneys and clients concerning compensation, the general rule is to adopt such a construction as will be most favorable to the interests of the client. But the rule is not so inflexible that it may be invoked to perpetrate a palpable injustice, or that it calls for a construction beyond the express covenants of the parties.

ID.—DUTY OF ATTORNEY TO REMAIN WITH CASE UNTIL ITS FINAL DETERMINATION.—In the absence of an express or implied agreement to that effect, there is no unqualified rule of law which requires the services of an attorney, under a contract of employment in a particular piece of litigation, to continue until the final determination of the controversy upon appeal, before the attorney can claim compensation for the services contracted for. Nor does the mere acceptance of a retainer under such a contract necessarily imply a retainer and consequent obligation to carry the controversy to the court of last resort.

ID.—COMPENSATION DEPENDENT ON SATISFACTION OF JUDGMENT.—Under a contract by an attorney to conduct a case for a retainer and a percentage of the amount recovered, his compensation is dependent upon the satisfaction of a judgment recovered therein; and if he recovers a judgment, and refuses to take an appeal therefrom, and other attorneys are substituted, his refusal does not defeat his right to compensation upon the satisfaction of the judgment.

ID.—EVIDENCE—ORDER TO PRODUCE INSTRUMENT—EFFECT OF FAILURE TO COMPLY.—Where before the trial the plaintiff makes a demand on the defendant to produce the contract sued on, and at the trial the defendant explains his failure to comply with the order on the ground that the instrument has been lost or destroyed, and produces what he testifies to be an exact copy thereof, which is admitted in evidence over the plaintiff's objection that it is self-serving and not shown to be a copy of the original, the failure to produce the original for inspection is not presumptive or any evidence in support of the terms of the contract as alleged in the complaint.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Emilio Lastreto, for Appellant.

William A. Nunlist and William H. Bryan, for Respondent.

LENNON, P. J.—The plaintiff in this action, as the administratrix of the estate of Julian Pinto, deceased, recovered a judgment against the defendant in the sum of $1,950 for services alleged to have been rendered to the defendant by Pinto as an attorney at law. The case comes here upon the judgment-roll and a bill of exceptions in support of appeals from the judgment and from an order denying the defendant a new trial.

"Irregularity in the proceedings . . . and an abuse of discretion by which the defendant was prevented from having a fair trial" were among the grounds of the defendant's motion for a new trial; and in support thereof the defendant filed an affidavit in the court below which tended to show that the trial judge had stated from the bench upon the conclusion of the plaintiff's case and in denying a motion for a nonsuit: "Gentlemen, I am prejudiced in favor of this woman"; and that at the conclusion of the entire case and during the argumen thereof the trial judge remarked, "I was just thinking whether to make the judgment in the amount of $150 or $200"; that thereupon counsel for the defendant interrupted the trial judge with the statement that "If Pinto broke his contract he should have nothing"; whereat the trial judge became incensed and immediately announced that he would "give judgment to plaintiff for whatever the complaint prayed for."

It is the contention of the defendant that the affidavit in question shows not only that the trial judge was prejudiced in favor of the plaintiff, but that he had actually prejudged the case, and accordingly arbitrarily rendered a judgment in her favor.

Assuming merely for the purpose of this opinion, the allegations of the affidavit to be true, and conceding that the conduct complained of furnishes a ground for a motion for a new trial under the provisions of subdivision 1 of section 657 of the Code of Civil Procedure, nevertheless the affidavit which purports to perpetuate such conduct cannot be availed of or resorted to upon this appeal, because it does not appear from the record before us that the same was used in evidence or referred to in any way upon the motion for a new trial. Rule 29 of the supreme court (160 Cal. lvi, [119 Pac. xiv]) provides and requires that "In all cases of appeal to this court from the orders of the superior courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law." The appeal from the order denying defendant's motion for a new trial comes here upon a duly authenticated bill of exceptions; and as the affidavit in question is not included or referred to therein it cannot now be considered. (*Skinner v. Horn,* 144 Cal. 278, [77 Pac. 904].)

The remaining points presented in support of the appeal relate to the rulings of the trial court made in the admission of evidence.

In this behalf it is the defendant's contention that the evidence adduced by plaintiff in support of the only disputed vital question of fact in the case was entirely hearsay; and that inasmuch as this evidence was admitted despite the repeated objections of the defendant, the motion which was subsequently made to strike it out should have been granted.

This contention must be sustained. Plaintiff's complaint alleged upon information and belief that the deceased, Julian Pinto, had entered into a contract with the defendant whereby Pinto agreed to give his services as an attorney at law in certain litigation about to be instituted between the defendant and one William Grant; that in consideration of such services the defendant promised and agreed to pay Pinto "a sum equal to fifty per cent of the amount of any recovery which the defendant might have against the said William Grant." That thereafter Pinto rendered the services as promised and agreed, and in the litigation referred to the defendant, with the aid of the services of Pinto, secured and subsequently satisfied a

judgment in the sum of three thousand nine hundred dollars against said William Grant, and that there then became due to Pinto the sum of one thousand nine hundred and fifty dollars, no part of which had been paid to Pinto, or to the plaintiff as the administratrix of his estate.

The defendant by his answer among other things specifically denied the allegations of the plaintiff's complaint concerning the terms of the contract sued upon insofar as they covered the compensation of Pinto.

It was not disputed at the trial that Pinto had represented the defendant as his attorney in an action for an accounting entitled "Grant *v.* Seely," wherein the defendant had secured and satisfied a judgment in the sum of three thousand nine hundred dollars. Upon the issue as to what the compensation of Pinto was to be under his contract with the defendant, the plaintiff relied entirely upon her own testimony, which in substance was as follows: She was familiar with some of the legal business which Pinto had on hand at the time of his death. She knew that Pinto had for several years prior to his death acted as the attorney for the defendant, and that at the time of his death Pinto was the attorney for the defendant in an action entitled "Grant *v.* Seely." That Pinto had told her he had a contract covering his compensation for services rendered in that case. Pinto, she said, "was to recover one-half of what he won." She had never seen the contract referred to, and the confidences which Pinto imparted to her from time to time were the only sources of her information as to his professional dealings with the defendant.

Excepting minor details, the foregoing constitutes a fair resumé of the entire evidence upon which plaintiff relied for proof of the pleaded fact that the defendant had contracted to pay Pinto one-half of such sum as might be recovered by judgment in the action of "Grant *v.* Seely."

Manifestly such evidence was utterly incompetent and wholly insufficient in the face of an objection to sustain the finding of the trial court to the effect that the defendant had contracted in writing to pay Pinto one-half of what the defendant might recover in the action in question.

In support of the rulings of the trial court admitting the evidence above referred to, respondent makes the point that the several objections interposed by the defendant to such

evidence were neither timely nor technically sufficient. Fairly construed the record before us does not sustain this contention. At the very outset of the plaintiff's testimony in chief she was asked a question which clearly called for hearsay evidence, and which manifestly was sought and intended as a foundation for the remainder of her testimony concerning the conditions of Pinto's contract with the defendant. The question was answered evidently without giving the counsel for the defendant an opportunity to object; but immediately after the answer objection was made accompanied by a motion to strike out upon the ground of hearsay. The trial court, apparently considering that the objection was timely, overruled the same and permitted the answer to stand. The next question put to the plaintiff sought to show when Pinto had acted as an attorney for the defendant. This question was promptly objected to in effect upon the ground that the witness was not testifying from her own knowledge, but from hearsay. This objection was overruled; and thereupon the plaintiff proceeded without further interruption to narrate her hearsay knowledge of Pinto's dealings and the alleged contract with the defendant. Counsel for the defendant moved that all of this testimony be stricken out upon the ground that it was hearsay. This motion was denied.

It will thus be seen that at the very inception of the plaintiff's testimony and once thereafter the objection that such testimony was hearsay, as well as the motion to strike out, were entertained and considered as having been seasonably made. In other words, the record shows that the trial court disposed of the objections and the subsequent motion to strike out upon their merits rather than because they were ill-timed and inadequate. We are satisfied that the trial court was fairly notified by the objections as made of the alleged incompetency of the evidence complained of, and that the court acted upon the assumption that such evidence was admitted subject to the objection that it was hearsay. (*People* v. *Shattuck,* 109 Cal. 673, 678, [42 Pac. 315].)

The defendant's answer denied that Pinto had fully rendered all of the services required of him by the contract sued on. Upon this issue and the issue as to what Pinto's compensation was to be under the contract, the evidence upon

behalf of the defendant was in its essential features substantially as follows:

In September, 1906, the defendant negotiated with Pinto for his services as a lawyer in certain respective litigation which was threatened against the defendant by one William Grant. Pinto then signed a memorandum of agreement covering the compensation which he was to receive for his services, whereby he agreed ''to do the attorney's work in the several cases between William Grant and F. E. Seely for $25 and 10 per cent of the amount collected on the unsecured notes and what the court allows for foreclosing the mortgage.'' Twenty-five dollars was paid to Pinto on account of this contract, and thereafter he acted as the attorney for the defendant in an action brought by William Grant for an accounting, which involved many business transactions between the parties including disputes concerning promissory notes. The action referred to was the only action instituted between Grant and Seely in which it could be contended that Pinto, under his contract, was to render services to the defendant. Pinto tried the case, and it resulted in a judgment for the defendant upon his cross-complaint in the sum of three thousand nine hundred dollars. The defendant was dissatisfied with the judgment, and insisted that Pinto prosecute an appeal therefrom, to which Pinto replied, ''I will have nothing more to do with the case unless you pay me a hundred dollars in money.'' The defendant then suggested the employment of associate counsel in the case for the purpose of an appeal, and stated that Pinto ''would be entitled to his percentage if he won—he need not do a thing—just remain in the case.'' To this Pinto replied, ''Not a thing do I do.'' Pinto, however, was agreeable to the employment of other counsel for the purpose of prosecuting an appeal. Thereupon the defendant endeavored to engage Mr. S. S. Wright, an attorney at law, in the place and stead of Pinto to prosecute an appeal; but pending the negotiations for a substitution of attorney nothing further was done in the action until after the death of Pinto. Thereupon Wright was substituted as attorney for the defendant, and, as previously shown in the statement of the evidence introduced in support of the complaint, he prepared and served a notice of appeal from the judgment, and subsequently without prosecut-

ing the appeal to perfection, procured a settlement and satisfaction of the judgment in full as originally entered.

All of the foregoing testimony relating to the refusal of Pinto to prosecute an appeal from the judgment secured in the case of Grant *v.* Seely was admitted without objection of any character.  Subsequently, however, such testimony, upon the plaintiff's motion and over the protest of the defendant, was stricken out upon the ground that Pinto's refusal to prosecute an appeal was made ''after the recovery of the judgment.''

We know of no rule of evidence which would exclude the testimony referred to merely because it related to a fact which occurred subsequent to one of the controlling facts in issue. Moreover, the motion to strike out was improperly granted, because it was not supported by a valid or any previous objection.  A motion to strike out evidence not based upon an objection previously stated is not available to the party against whom such evidence is offered and received.  (*People v. Long,* 43 Cal. 444; *People* v. *Rolfe,* 61 Cal. 540; Jones on Evidence, 2d ed., sec. 893.)  This, of course, assumes that an opportunity to object presented itself, as apparently it did in the present instance.

We do not wish to be understood from what we have just said as holding that the testimony stricken out was admissible in support of the defendant's claim that Pinto had repudiated his contract by refusing to prosecute an appeal from the judgment which he had procured in the case of Grant *v.* Seely. On the contrary, we are of the opinion that such evidence might have been rightfully rejected in response to an objection seasonably and properly made.  In this connection it will be noted that the defendant's testimony relating to the covenants and conditions of the contract in suit, and the contract itself as exhibited in evidence, stand uncontradicted save by the hearsay testimony of the plaintiff hereinbefore adverted to. Therefore we must assume upon the record before us that the defendant's version of the transaction between him and Pinto is the true one.  This being so, the determination of the question as to whether or not the testimony stricken out was admissible for the purpose of showing a repudiation of the contract, depends under the circumstances developed by the evidence in the present case, entirely upon the construc-

tion to be placed upon the covenants and conditions of the contract in controversy. Upon this phase of the case it is the defendant's contention that such contract as a matter of law contemplated that Pinto's services should not cease upon the securing of a judgment in favor of the defendant; and that Pinto's refusal to prosecute an appeal from such judgment at the behest of the defendant was a breach of the contract sufficient to relieve the defendant from the obligations on his part to be performed.

With this contention we cannot agree. It may be conceded that in construing contracts between attorneys and clients concerning compensation in which there is any ambiguity as to the intent of the parties, it is the rule generally accepted by courts to adopt such a construction of the contract as will be most favorable to the interests of the client. (4 Cyc. 988; *Hitchings* v. *Van Brunt*, 38 N. Y. 335; *Burling* v. *King*, 46 How. Pr. (N. Y.) 452; *Sanders* v. *Seelye*, 128 Ill. 631, [21 N. E. 601].) We do not understand, however, that the rule in this behalf is so inflexible that it may be invoked to perpetrate a palpable injustice, or that it calls for a construction of such contract beyond the express covenants of the parties. The contract in controversy did not upon its face call for the professional services of Pinto beyond the successful determination and satisfaction of the litigation in the court of first resort; and it cannot be said as a matter of law that the mere making of such a contract, coupled with the acceptance of a retainer thereunder, obligated Pinto to prosecute an appeal to the court of last resort. In the absence of an express or implied agreement to that effect there is no unqualified rule of law which requires the services of an attorney under a contract of employment in a particular piece of litigation, to continue until the final determination of the controversy upon appeal, before the attorney can claim compensation for the services contracted for. Nor does the mere acceptance of a retainer under such a contract necessarily imply a retainer and consequent obligation to carry the controversy to the court of last resort. (Weeks on Attorneys at Law, p. 688; *Bartholomew* v. *Langsdale*, 35 Ind. 278; *Lockwood* v. *Brush*, 36 Ky. (Dana,) 433.)

Applying these principles to the contract in controversy we interpret it to mean that Pinto's services as an attorney

for the defendant in the litigation referred to were to terminate with that litigation in the court in which it was inaugurated, and that his compensation was dependent upon
the satisfaction of the judgment obtained therein.   Under
this interpretation of the contract the fact that Pinto refused
to prosecute an appeal had no legitimate tendency to prove
that he had neglected or refused to do all that he had contracted to do in the first instance.   No claim is made that
Pinto refused to institute such proceedings as might have been
necessary to realize upon the judgment obtained.   True
Pinto's compensation under the terms of the contract was not
exigible until the judgment was collected; but it is an undisputed fact in the case that the judgment obtained by
Pinto was ultimately satisfied in full.   While Pinto could not
under the terms of his contract have prevented an appeal by
the defendant, still on the other hand the fact that the defendant of his own volition employed another attorney to
prosecute an unsuccessful appeal did not operate to the defeat
of Pinto's right, upon the ultimate satisfaction of the judgment, to the compensation contracted for.

From the conclusions stated it necessarily follows that the
competent evidence adduced upon the trial was incapable of
supporting findings and judgment in favor of the plaintiff in
excess of the sum of three hundred and ninety dollars.

Prior to the trial of the action the plaintiff procured and
served upon the defendant an order from the lower court
calling for an inspection of the contract between Pinto and
the defendant.   The defendant failed to comply with the
order, and it is now insisted that such failure was tantamount
to a refusal, which, under the provisions of section 1000 of
the Code of Civil Procedure, constituted presumptive evidence that the terms of the contract were as plaintiff alleged
them to be, and that such evidence alone sufficiently supports
the findings and judgment.

Upon the trial of the case the defendant explained his failure to comply with the order in question upon the ground that
the original contract between him and Pinto had been lost or
destroyed.   The defendant then produced a paper writing
which he testified was an exact copy of the original contract.
This copy was admitted in evidence over the objection of the
plaintiff merely that it was a self-serving declaration and not

shown to be a copy of the original. No call was made at the trial for the original contract; and apparently the excuse given by the defendant for his failure to produce the same was accepted by the court and counsel without controversy. Under these circumstances it cannot be said that the defendant's failure to produce the original contract for inspection, either before or at the trial, constituted presumptive or any evidence in support of the allegations of plaintiff's complaint or the findings made in her favor. (6 Am. & Eng. Ency. of Plead. & Prac., p. 815; *Fuller* v. *McMillan,* 44 N. C. 206; *Foster* v. *Sandeman,* 5 Phila. (Pa.) 133; *Graham* v. *Hamilton,* 3 Ired. (N. C.) 381; *Sutherlin* v. *Underwriters etc.,* 53 Ga. 443.)

The judgment and order appealed from are reversed and the cause remanded for a new trial.

Hall, J., and Kerrigan, J., concurred.