In the Matter of EMIL K. ELLIS, Petitioner, against HERBERT MITCHELL et al., Respondents.

Supreme Court, Special Term, New York County, December 21, 1948.

*Abraham J. Heller, Jonas Ellis, Abraham Beital* and *Emil K. Ellis*, in person, for Emil K. Ellis, petitioner.

*R. Lawrence Siegel* and *Morris Goldschlager* for Herbert Mitchell, respondent.

*Robert I. Lennox,* respondent in person.

*Weisman, Celler, Quinn, Allan & Spett* for themselves, as respondents, and for other respondents.

*Battle, Levy, Fowler & Neaman,* respondents in person.

Gavagan, J. It is well settled that " a client may at any time for any reason which seems satisfactory to him, however arbitrary, discharge his attorney. * * * Even in the presence of a definite agreement the client's right persists. Cancellation by him cannot constitute a breach of contract, for implied in every such agreement is the right to discharge " (*Matter of Krooks,* 257 N. Y. 329, 331). If the client exercises his right to discharge the attorney prior to the completion of the services for which the fee agreed upon was to constitute compensation, the attorney is not entitled to the agreed upon compensation but must take instead the reasonable value of his services (*Martin* v. *Camp,* 219 N. Y. 170; *Matter of City of New York,* 219 N. Y. 192; *Matter of Tillman,* 259 N. Y. 133; *Matter of Krooks, supra*). It follows from the application of these principles to the instant case that if Ellis was discharged prior to his completion of all the services which the parties contemplated that he was to render in return for a fee of one third of any recovery, his claim against his client, Mitchell, must be determined on the basis of *quantum meruit.* On the other hand, if Ellis' retainer clearly provided that all that he was to do in return for a fee of one third of any recovery was to obtain a judgment at trial term, such agreement would prevail and Ellis would be entitled to one third of all sums paid on the judgment, notwithstanding the fact that he was discharged by Mitchell prior to the collection of the judgment and the fact that additional legal services by others have been required to obtain partial collection thereof. Ellis' retainer, however, does not contain any such clear provision that the only services he was to perform in return for a fee of one third of any recovery consisted of the securing of an uncollected judgment. In the court's opinion, the retainer, which must be construed strictly against Ellis who drew it, contemplated that the fee therein fixed was to cover all services necessary to obtain collection of the judgment (including services upon appeal in the event that the judgment were appealed from). Any other con-

struction of the retainer would lead to harsh and even absurd results. If Ellis earned the percentage fixed by merely procuring an uncollected judgment, it would follow that he could insist upon extra compensation in the event that the judgment were appealed from and his services upon appeal were requested by Mitchell, and it would also follow that he could insist upon extra compensation for any services Mitchell might desire to have him render for the purpose of collecting the same.

If, for example, the judgments were appealed from to the Appellate Division, and then to the Court of Appeals, and then to the United States Supreme Court, and thereafter extensive services became necessary in order to effect collection of the judgment, the total compensation which the client might have to pay, if the original retainer were treated as covering only the services up to judgment, might amount to as much as 100% of the judgment, if not more. In the court's opinion, a client retaining an attorney on a contingent basis, in the absence of clear and express language to the contrary, contemplates that the percentage fixed is to constitute payment for whatever services may be necessary to obtain collection of any judgment which may be recovered, whether the services be in connection with an appeal taken from the judgment or in connection with efforts to collect the judgment, or both. An attorney employed to bring an action has implied authority after judgment to issue execution and commence supplementary proceedings (*Larkin* v. *Frazier,* 224 N. Y. 421).

Although the court has been unable to find any square authority on the question, the opinion of the Court of Appeals in *Matter of Krooks* (*supra*), contains some language tending to support the view above taken. In that case, one Conrad had been retained to represent Krooks in connection with a condemnation proceeding under a retainer that he was to be paid all moneys in excess of $38,000, which might be paid to Krooks as a result of the proceeding. Two days after the Special Term, before whom the condemnation proceeding was conducted, had stated in a published memorandum that the sum of $46,500 was awarded for the Krooks' property, Krooks cancelled Conrad's retainer. Nevertheless, Conrad's lien was fixed at Special Term at the amount specified in the retainer, viz., the excess above $38,000. The Court of Appeals, however, held that Conrad was entitled only to the reasonable value of his services since the services contemplated by the retainer had not been substantially completed. Although the court said (p. 332) that " before services by the attorney under the agreement could be held to be fully per-

formed, at least an award to the client must have become final and determinate '', subsequent language in the same paragraph of the opinion indicates that even the obtaining of a final and determinate award would not constitute substantial completion of Conrad's services *in the event that an appeal was taken or proceedings to obtain collection of the award became necessary* (p. 332): '' Whether the justice at Special Term ever signed even a tentative decree or, if he did issue such a mandate, whether it was followed by a final decree, does not appear from the record. In the event that a final decree was entered, the record is silent whether the city took an appeal. All we can know from the record is that, by memorandum, the Special Term indicated an intention to enter an order fixing the value of appellant's real estate at the sum of $46,500. The attorney's compensation under the written agreement was contingent upon the collection of an award in excess of $38,000, and concededly at the time of the cancellation of the retainer and the institution of this proceeding no such award had been collected. Not even had such a final award been made. It may never be collected. Under all the authorities, therefore, respondent's services are not shown to have been so nearly completed as to preclude the client from the discharge of her attorney and the retainer of a different one.''

The court accordingly holds that Ellis is entitled to a lien only for the reasonable value of his services against which must be credited the payments heretofore received by him on account.

The contention that the affirmance by the Appellate Division of the order of March 17, 1948, constituted an adjudication that the amount of Ellis' lien is the percentage fixed in the retainer agreement appears to be without merit. The notice of the motion which resulted in said order did not seek the fixation of the amount of Ellis' lien. It merely sought an adjudication that Ellis had forfeited all right to compensation and accordingly a direction was sought that he repay to Mitchell all amounts which he had already received from the latter. The notice of motion asked the court '' to determine and declare that on the basis of a written agreement of retainer dated July 29, 1946 * * * the said Emil K. Ellis has *no* claim or cause of action against plaintiff for attorney's fees and *no* attorney's lien on the plaintiff's judgment * * * or on the proceeds of a settlement agreement settling the said judgment * * * and directing the said Emil K. Ellis to repay the said Herbert Mitchell the sum of Eight Thousand, Three Hundred Thirty-three and 33/100 ($8,333.33) Dollars, paid by plaintiff Herbert Mitchell to said

Emil K. Ellis." Although the affidavit submitted in support of the motion contains statements which might have empowered the court to fix the proper amount of Ellis' lien in the event that the court should decide that he had not forfeited all right to compensation, no such relief was formally asked for in the notice of motion and there is nothing to indicate that either the Special Term or the Appellate Division attempted to go beyond the relief asked for in the notice of motion and fix the amount of Ellis' lien on the basis of the informal requests in the affidavits. Since the burden of establishing *res judicata* is upon him who claims it, the court is constrained to hold that Ellis has failed to establish that the prior order constitutes an adjudication that he is entitled to a full one third of any sums recovered.

A similar situation is presented as to Lennox. It appears without contradiction that he was the attorney of record in supplementary proceedings commenced by Mitchell for the purpose of effecting collection of the judgment. A supplementary proceeding is a special proceeding (Civ. Prac. Act, § 773; *Matter of Reeves* v. *Crowinshield,* 274 N. Y. 74) and Lennox, therefore, possesses a charging lien upon any recoveries obtained as the result of such proceedings, since section 475 of the Judiciary Law gives such a lien to the attorney who appears for a party to an action or a special proceeding. The percentage agreed upon as the compensation of Lennox in his retainer from Mitchell was, in the court's opinion, to apply only if Lennox continued to represent Mitchell until all sums to be collected on the judgment had finally been received. Having been discharged while collection was still in progress, Lennox is entitled only to the reasonable value of the services performed by him against which all payments received by him must be credited.

For the reasons indicated, the motion and cross motion are granted only to the extent of appointing Franklin M. Desser, of 551 Fifth Avenue, New York City, to take proof and report with his opinion with all convenient speed as to the reasonable value of the services rendered by Ellis and Lennox respectively. Final disposition of the motion and cross motion will be held in abeyance pending the coming in of the referee's report.