**In the Matter of James J. LAUGHLIN and Albert J. Ahern, Jr., Attorneys for Guardian of the Estate of Thomas Charles Ball, Infant, Appellants.**
**No. 14803.**

United States Court of Appeals District of Columbia Circuit.

Argued March 4, 1959.

Decided March 19, 1959.

Burger, Circuit Judge, dissented.

Mr. Albert J. Ahern, Jr., Washington, D. C., with whom Mr. James J. Laughlin, Washington, D. C., was on the brief, for appellants.

Before BAZELON, FAHY and BURGER, Circuit Judges.

PER CURIAM.

Appellants are attorneys who represented the natural guardian of an infant in a negligence suit in the District Court for injuries to the infant in an automobile accident. Appellants had a one-third contingent fee agreement with

the guardian.[1] A verdict of $17,500 was rendered for the injuries. On appeal we affirmed the ensuing judgment for that amount.[2] Subsequently the District Court denied appellants' petition for an order authorizing the guardian to disburse $2,000 additional to appellants for services rendered in defending the judgment in this court and in the Supreme Court, where certiorari was denied. The appeal is from the order denying the additional compensation.

While stating that it would enter the requested order were an infant not involved, the District Court nevertheless concluded as matter of law, and we agree, that in the absence of a specific provision in the contract for additional fees the contract must be construed to include the services rendered on appeal. See Cavanaugh v. Robinson, 1904, 138 Mich. 554, 101 N.W. 824; Ellis v. Mitchell, Sup.Ct.1948, 193 Misc. 956, 85 N.Y.S.2d 398, affirmed 275 App. Div. 767, 88 N.Y.S.2d 903, 905.

We have not overlooked the fact that, more than six years after the contract was entered into and after all proceedings in the main suit had terminated, the guardian consented in writing to the allowance of an additional $2,000, stating, "my contract * * * with [appellants] did not contemplate that their services would include work in the Court of Appeals or in the Supreme Court * * * and this matter was not discussed by [appellants]." Perhaps the District Court gave weight to this statement in its finding that "the contract relates solely to proceedings in the United States District Court." Nevertheless, the finding is not easily reconcilable with the court's conclusion that the contract "must be construed * * * to include services rendered on appeal."

In any event we believe the finding is not warranted and that the conclusion is sound. The willingness of the guardian that the ward's funds be used for additional fees is by no means conclusive. All aspects of this litigation appear to have been carried on as if the contract contemplated all the services rendered. Negotiations for additional compensation were not initiated prior to the appellate proceedings, as in Pinto v. Seely, 1913, 22 Cal.App. 318, 135 P. 43, relied upon by appellants.

We agree with the recommendation made by the Register of Wills to the District Court:

"[T]he 33⅓% allowance previously granted by the Court at the time of the decision in the lower court should be sufficient without a further allowance for the reason that counsel's defense of the verdict in the upper courts was for the protection of their fee as well as the amount of the verdict."

Affirmed.

BURGER, Circuit Judge (dissenting).

The Guardian who made the contract with counsel has given testimony that the fee contract was not intended to "include work in the Court of Appeals or in the Supreme Court * * *." That evidence adequately supports the District Judge's fact finding that the parties made no contract at all for appellate services. Absent an express contract for necessary services rendered on request, counsel is entitled to recover for the reasonable value of services rendered in this court and in the Supreme Court proceedings. The mere fact that this contract for necessary services was made by a Guardian on behalf of an infant should not lead to a result drastically

---

1. The contract stated that appellants "shall file the necessary suits in the United States District Court. * * * It is further agreed and understood that out of the proceeds to be recovered * * * [appellants] are to receive one-third. * * *"

2. Murphy Auto Parts Co. v. Ball, 101 U.S.App.D.C. 416, 249 F.2d 508, certiorari denied, 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415.

different from a contract between two private parties. Hence the finding of the District Court seems to me to compel a conclusion that some additional compensation is warranted.