William R. Brennan, Jr., J.
The attorney for the plaintiff, acting in behalf of himself and trial counsel retained by him, seeks leave to withdraw from further representation of his client *638 and asks that his lien for services be fixed. The plaintiff has appeared personally and orally opposed the application asserting his complete confidence and satisfaction with his attorney and counsel and affirming, further, that he has no desire to effect a substitution of attorneys at this time.
This is a negligence action. The movant’s retainer, dated July 1, 1958, was contingent, and provided that his fees were to be determined on a schedule which conforms to Schedule A of the Appellate Division, Second Department Buies (Part 3, rule IV, subd. [5]). The retainer also contained a provision that in the event extraordinary services were required the attorney might apply to the court for greater compensation pursuant to the provisions of paragraph (d) of subdivision (5) of rule IV.
The movant obtained competent specialized counsel. A bitterly contested five-day trial resulted in a verdict for the plaintiff in the amount of $39,700 and a judgment of $39,882.25 (entered May 28, 1963). The defendants have served a notice of appeal. The plaintiff’s attorney and counsel, having concluded, on grounds that may not be said to be unreasonable, that an appeal may result in a diminished recovery, negotiated for a settlement of the judgment before the appeal was prosecuted and obtained an offer of settlement, the amount of which need not be here set forth, but which would appear to have been based upon a realistic appraisal of the case. Although they have in good faith recommended acceptance of this offer to the plaintiff and fully analyzed for him all of the risks that he faces if the litigation is not disposed of, he has disagreed with his professional advisers and has insisted upon contesting the appeal. The offer has since been withdrawn.
The plaintiff has an undoubted and unqualified right to refuse to compromise his judgment (Barrett v. Third Ave. R. R. Co., 45 N. Y. 628, 635; Countryman v. Breen, 241 App. Div. 392, 394, affd. 268 N. Y. 643). His right to settle or not to settle exists as well after his claim has ripened into judgment as before (Corcoran v. Kellogg Structural Co., 179 App. Div. 396, 399). His attorney and counsel do not challenge this right.
The grounds asserted for seeking the relief stated in the moving papers are the failure of the plaintiff to accept his attorney’s and counsel’s advice concerning settlement, that said attorney does not wish to advance the costs of the appeal, and that the plaintiff has not been responsive to his request to advance funds with which to pay outside counsel to handle the appeal for the plaintiff-respondent.
The application insofar as it seeks leave to withdraw from representation of the plaintiff must be denied. His attorney *639 accepted a retainer to prosecute the claim for damages. That claim involved litigation. The end of the litigation has not been reached. The attorney’s rights under the retainer were not only subject to the client’s control of the case, but also to the vicissitudes of the case in its further progress on appeal (Corcoran v. Kellogg Structural Co., supra). The retainer was not limited to proceeding with a case to judgment; and it is certainly lacking in clear provision that the only services to be performed in return for the contingent fee were confined to trial and securing an uncollected judgment. (Matter of Ellis v. Mitchell, 193 Misc. 956, affd. 275 App. Div. 767, mot. for lv. to app. den. 275 App. Div. 822, 823.) As stated in the last-cited case at pages 957 and 958:
“ In the court’s opinion, the retainer, which must be construed strictly against Ellis [attorney of record] who drew it, contemplated that the fee therein fixed was to cover all services necessary to obtain collection of the judgment (including services upon appeal in the event that the judgment were appealed from). Any other construction of. the retainer would lead to harsh and even absurd results. If Ellis earned the percentage fixed by merely procuring an uncollected judgment, it would follow that he could insist upon extra compensation in the event that the judgment were appealed from and his services upon appeal were requested by Mitchell [corresponding to the plaintiff herein], and it would also follow that he could insist upon extra compensation for any services Mitchell might desire to have him render for the purpose of collecting the same.
“ * * * In the court’s opinion, a client retaining an attorney on a contingent basis, in the absence of clear and express language to the contrary, contemplates that the percentage fixed is to constitute payment for whatever services may be necessary to obtain collection of any judgment which may be recovered, whether the services be in connection with an appeal taken from the judgment or in connection with efforts to collect the judgment, or both. ’ ’
In Burston v. Pinkis (25 N. Y. S. 2d 12) the Appellate Term in this Department said: “ The exercise of a client’s unfettered right to refuse a settlement secured by his attorney (see Countryman v. Breen, 241 App. Div. 392, * * * affirmed 268 N. Y. 643 * * *) does not warrant the latter’s withdrawal from the case. Holmes v. Evans, 129 N. Y. 140.”
However, there was no agreement on the part of the attorney herein to advance disbursements or to wait indefinitely for their repayment. The moving papers itemize unquestionable disbursements in the amount of $673.59. These should now be paid. *640 There is also no requirement that the attorney bear the expenses (as distinguished from his obligation to provide legal services) of the appeal or any other further proceedings herein. The plaintiff is obliged to pay these as they are incurred because the expenses of the litigation are undoubtedly his.
Settle an order on notice accordingly and granting plaintiff 10 days from service of a copy thereof within which to pay his attorney the $673.59 referred to.
The foregoing may render the companion motion to settle the record academic and no disposition of that motion will be made unless either the attorney for the plaintiff or the attorneys for the defendant move to argue that motion within 20 days of the date of this memorandum.