■ In the Matter of the Estate of MARY BUSBY, Also Known as MARY S. PINN, Deceased. DAVID M. LEE, Appellant. [616 NYS2d 755] —In a proceeding to settle the account of the administrator of the goods, chattels and credits of Mary Busby, David M. Lee, the attorney for the administrator, appeals from a decree of the Surrogate's Court, Queens County (Nahman, S.), dated January 13, 1993, which denied his motion to withdraw as attorney for the administrator.

Ordered that the order is affirmed, without costs or disbursements.

On April 6, 1985, Mary Busby was injured in a gas explo-

sion. She died 54 days later, on May 30, 1985. She was survived by five children, including the respondent Walter Pinn, and by her husband John Dexter Busby. Mr. Busby himself died on October 22, 1985, leaving a child from a previous marriage, John Dexter Busby III.

On October 30, 1986, the Surrogate's Court issued Letters of Administration to the respondent Walter Pinn. Mr. Pinn retained the appellant David M. Lee, and authorized him to commence an action to recover damages for Mary Busby's wrongful death and for her conscious pain and suffering. Mr. Lee subsequently commenced an action against several defendants in the Supreme Court, New York County.

In November 1991, Mr. Pinn petitioned the Surrogate's Court for permission to settle the wrongful death cause of action for the sum of $10,000 and to discontinue the personal injury cause of action. This petition included a list of "the only interested parties as can be ascertained with due diligence in this proceeding [and] who are required to be cited", but failed to mention the decedent's later-deceased husband or his estate. The record contains no indication that this petition has been disposed of; presumably, it has been denied, or it has been withdrawn.

On July 23, 1992, Mr. Lee petitioned the Surrogate's Court for permission to withdraw as attorney for Walter Pinn, as administrator of the Estate of Mary Busby, on the grounds that Mr. Pinn was not cooperating with him. The relevant non-conclusory allegations made concerning Mr. Pinn's alleged failure to cooperate, related to his refusal to execute the documents needed to "effect the compromise" noted above. The Surrogate's Court denied the motion to withdraw, even though it was unopposed. We affirm.

Pursuant to Code of Professional Responsibility DR 2-110 (C) (1) (d) (22 NYCRR 1200.15 [c] [1] [iv]), a lawyer may withdraw when his client "renders it unreasonably difficult for the lawyer to carry out his employment effectively" *(see also, Johns-Manville Sales Corp. v State Univ. Constr. Fund,* 79 AD2d 782; *Eldridge Realty Corp. v Green,* 174 AD2d 564). As the Surrogate's Court noted, and as Mr. Lee concedes, a client's refusal to accept a settlement generally does not constitute the kind of uncooperative behavior which is sufficient to authorize an attorney to withdraw. " 'The exercise of a client's unfettered right to refuse a settlement secured by his attorney * * * does not warrant the latter's withdrawal from the case' " *(Mrozinski v Marinello,* 46 Misc 2d 637, 639,

quoting *Burston v Pinkis,* 25 NYS2d 12 [App Term, 2d Dept, Jan. 10, 1941], citing *Countryman v Breen,* 241 App Div 392, *affd* 268 NY 643; *Holmes v Evans,* 129 NY 140).

Mr. Lee argues that the present case is distinguishable in that Mr. Pinn had originally agreed to the $10,000 settlement, as reflected in the petition dated November 14, 1991, but later refused to consummate that settlement upon learning that he himself would receive no proceeds from it. It is not clear why Mr. Pinn, or Mr. Lee, is presuming that Mr. Pinn, or his four siblings, would in fact receive no part of any proposed settlement; nothing in New York's laws of intestate succession, or in New York's wrongful death statutes, compels the conclusion that Mary Busby's surviving spouse (or his estate) would necessarily be entitled to 100% of any settlement *(see,* EPTL former 4-1.1 [a] [1]; EPTL 5-4.1, 5-4.4 [a] [1]; 11-3.3; *Matter of Acquafredda,* 189 AD2d 504; *Matter of Cassar,* 188 AD2d 946). Even assuming that Mr. Pinn changed his mind concerning the advisability of the $10,000 settlement, as allocated entirely to the wrongful death component of the estate's claim, and that his change of heart followed his having been led to believe that this settlement would benefit only one of Mary Busby's six distributees, it does not follow that such conduct would be either violative of his fiduciary duty as an administrator, or illustrative of the kind of non-cooperation which would warrant withdrawal of his attorney pursuant to Code of Professional Responsibility DR 2-110 (C) (1) (d) (22 NYCRR 1200.15 [c] [1] [iv]).

For these reasons, we agree with the Surrogate that Mr. Lee failed to produce sufficiently detailed proof of his client's alleged failure to cooperate, and find that his application to withdraw was properly denied. Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.