636 F.2d 745
 205 U.S.App.D.C. 37
 Mrs. Lewis W. HAMILTON, Administratrix of the Estate of
Lewis W. Hamilton, deceased, Appellant
v.
FORD MOTOR COMPANY et al.
v.
The DISTRICT OF COLUMBIA, a municipal corporation, et al.
Mrs. Lewis W. HAMILTON, Administratrix of the Estate of
Lewis W. Hamilton, deceased, and as widow and next
of kin of Lewis W. Hamilton, deceased, Appellant
v.
The DYGHTON CORPORATION
v.
MOTOROLA, INC. et al.
Mrs. Lewis W. HAMILTON, Administratrix of the Estate of
Lewis W. Hamilton, deceased, and as widow and next
of kin of Lewis W. Hamilton, deceased, Appellant
v.
ECONO-CAR INTERNATIONAL, INC. et al.
 Nos. 79-2177 to 79-2179.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 8, 1980.
Decided Nov. 14, 1980.
 
 Appeals from the United States District Court for the District of Columbia (D.C. Civil Action Nos. 75-0232, 75-1449 and 75-1866).
 Philip L. O'Donoghue, Washington, D. C., with whom John H. Schafer, Washington, D. C., was on brief, for appellant.
 William Alden McDaniel, Jr., Washington, D. C., with whom Jeremiah C. Collins, Washington, D. C., was on brief, for appellee, Williams and Connolly.
 Before WRIGHT, Chief Judge, and MIKVA and EDWARDS, Circuit Judges.
 Opinion for the Court filed by Circuit Judge EDWARDS.
 EDWARDS, Circuit Judge:
 
 
 1
 This case is an appeal from a District Court order declaring that a court-ordered award of attorneys' fees should be given directly to the plaintiff's attorneys and not the plaintiff. Because we find that the Retainer Agreement between the plaintiff and her attorneys governed the award, and that the plaintiff fully compensated her attorneys as required by that agreement, we reverse the District Court's order, remanding the case for an order directing that the court-ordered award of attorneys' fees be given to the plaintiff.
 
 I. BACKGROUND
 
 2
 The plaintiff in this case, Mrs. Hamilton, hired the law firm of Williams & Connolly,[1] to prosecute her claim for the wrongful death of her husband. The Retainer Agreement between Mrs. Hamilton and her attorneys provided that:
 
 
 3
 I hereby retain the law firm of WILLIAMS, CONNOLLY & CALIFANO to represent me against whomsoever may be liable in my claim for damages arising out of an accident which occurred on or about November 15, 1974 in the District of Columbia concerning my husband, Lewis W. Hamilton, deceased.
 
 
 4
 I agree that the fee of WILLIAMS, CONNOLLY & CALIFANO for these professional services will be one-third of any amount recovered.[2]
 
 
 5
 The fourth paragraph of the agreement provided that Mrs. Hamilton was responsible for the costs of the litigation, regardless of the outcome of the case.
 
 
 6
 The law firm filed an action on Mrs. Hamilton's behalf against several defendants. During the course of pre-trial discovery, two defendants, Westinghouse and Econo-Car, refused to produce documents that the plaintiff's attorneys had requested. The Magistrate handling discovery issued an order compelling discovery, but the defendants continued to refuse to turn over the documents. The plaintiff's attorneys then filed a motion for default judgment and other relief pursuant to Rule 37 of the Federal Rules of Civil Procedure.
 
 
 7
 In ruling on the plaintiff's motion, the Magistrate declined to grant a default judgment,[3] but he ordered "the imposition of all reasonable expenses including attorneys' fees incurred by the injured party due to the wrongful acts of the party at fault." J.A. at 5.
 
 
 8
 Following this order, Williams & Connolly submitted affidavits detailing their expenses and work done relating to the defendants' abuse of discovery. Based on their then-current hourly rates, the lawyers claimed $50,746.50 in attorneys' fees and $2,886.22 in expenses. See Plaintiff's Application for Fees, J.A. at 6; Supplemental Memorandum in Support of Plaintiff's Application for Fees, J.A. at 8. The Magistrate issued an order stating that the "Plaintiff is awarded fifty thousand dollars ($50,000) in reasonable expenses including attorney's fees." J.A. at 39. The District Court later affirmed this order. See J.A. at 40. Defendants Westinghouse and Econo-Car paid the award to Mrs. Hamilton, who in turn endorsed the check to her attorneys.[4]
 
 
 9
 The plaintiff's wrongful death claim eventually was tried, and the jury awarded Mrs. Hamilton and her husband's estate $700,000 in damages.[5] See Amended Judgments on the Verdicts, J.A. at 44, 45. As required under the terms of the Retainer Agreement, Mrs. Hamilton paid one-third of this amount to her attorneys as legal fees and an additional amount of $59,097.16 as litigation expenses. See Settlement Accounting, J.A. at 2.
 
 
 10
 In October 1978 counsel for Mrs. Hamilton's husband's estate questioned whether the law firm rightfully retained the Rule 37(b) award. Following the estate's formal demand for return of the award, the law firm filed a motion to have the trial court declare that the law firm "is the rightful owner" of the award. Motion for Modification and Clarification or Alternatively for Declaratory Judgment, J.A. at 46, 48. The law firm argued that "the plaintiff had not in fact incurred said expenses .... (and the) firm at no time (had) been compensated by the plaintiff for the time spent in pursuit of the discovery compliance." J.A. at 48.[6] After Mrs. Hamilton's independent counsel filed a memorandum opposing the motion, the trial court filed a Memorandum and Order holding that it had properly awarded the money to the law firm. See J.A. at 78, 82.[7]
 
 II. DISCUSSION
 
 11
 The issue before this court is one of first impression in this circuit. Its resolution turns on the meaning to be ascribed to the contingency fee contract in this case, and on the purpose underlying an award of attorneys' fees under Rule 37(b).
 
 
 12
 Rule 37(b) of the Federal Rules of Civil Procedure sets forth the sanctions a party may seek when an opposing party has failed to comply with a court order compelling discovery. It permits "the court in which the action is pending (to) make such orders ... as are just." In addition to listing five orders that a court may issue, Rule 37(b)(2) also provides:
 
 
 13
 In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
 
 
 14
 The principal purpose of Rule 37(b) is punitive, not compensatory. It "provides generally for sanctions against parties or persons unjustifiably resisting discovery." Advisory Committee Note to 1970 Amendments of the Federal Rules of Civil Procedure, 48 F.R.D. at 538.[8] Although Rule 37(b) is silent as to whom the judge may award attorneys' fees, the judge "may make such orders ... as are just." Thus, it is possible to construe the rule as leaving the trial judge discretion, under the proper circumstances, to award attorneys' fees directly to attorneys.[9]
 
 
 15
 Such a question can only be presented, however, if the Retainer Agreement authorizes such a result. In this case we hold that the plain terms of the Retainer Agreement must be read to preclude any award of compensation to the plaintiff's attorneys.
 
 
 16
 It is elementary that an attorney may not seek compensation from the client in addition to that provided in the contract between the attorney and the client. In In re Laughlin, 265 F.2d 377 (D.C.Cir.1959), this court affirmed a District Court order denying attorneys additional compensation for handling the appeal of a wrongful death action. The attorneys had claimed that the contingency fee agreement between them and their client covered only legal work performed at the trial level. This court disagreed, stating that "in the absence of a specific provision in the contract for additional fees the contract must be construed to include the services rendered on appeal." Id. at 378. The court made clear that all compensation was to be covered by the terms of the contract.[10]
 
 
 17
 In the present case, all parties agree that the disputed work performed by plaintiff's counsel seeking discovery and pursuing discovery sanctions was work contemplated by the Retainer Agreement. Indeed, plaintiff's counsel conceded that "(a)ll of the time expended by the paraprofessional and lawyers of Williams & Connolly was necessary in order to protect the plaintiff's discovery rights under the Federal Rules of Civil Procedure." Affidavit of Pierce O'Donnell, P 6, J.A. at 13. Whether or not they anticipated a Rule 37(b) award from the court, lawyers from Williams & Connolly were contractually obligated to perform this work relating to abuses of the discovery process. Consequently, they can expect no further compensation from the plaintiff.[11]
 
 
 18
 Even though the Retainer Agreement does not expressly cover Rule 37(b) awards, the contract is nevertheless controlling in this case. It is undisputed that plaintiff's attorneys drafted the Retainer Agreement between them and Mrs. Hamilton. The normal rule of construction in contract law provides that ambiguous provisions are to be construed against the party who drafted the agreement. See North American Graphite Corp. v. Allan, 184 F.2d 387, 390 (D.C.Cir.1950). This principle applies with even greater force in the instant case because the client has had no legal training, and the persons who drafted the agreement are attorneys. If there is any dispute over the terms of the Retainer Agreement, then any ambiguity must be construed against the attorneys.
 
 
 19
 Following the principles set forth in Laughlin, we hold that absent a provision in the contract allocating Rule 37(b) awards of attorney's fees, the plain terms of the Retainer Agreement in this case provide that the one-third contingency fee is the sole source of compensation for the attorneys. Williams & Connolly do not dispute that the Retainer Agreement is clear with respect to the amount to be paid for attorneys' fees, i. e., one-third of the judgment (excluding the Rule 37(b) award) plus expenses. Nor do they claim that the Rule 37(b) award can be considered an award of attorneys' fees covered by the parties' contract. Given these considerations, and in light of our finding that the disputed work performed by Williams & Connolly was done pursuant to the parties' contract, the attorneys here surely have no entitlement to the award given under Rule 37(b).[12] On the facts of this case, we hold that Mrs. Hamilton is the proper recipient of the Rule 37(b) award.[13]
 
 
 20
 Other jurisdictions have held that awards of attorneys' fees are to be given to the client and not directly to the attorneys.[14] The public policy justification supporting this position is plain. The client, whose interests the attorney should be vigorously representing, cannot possibly anticipate the possible turn of events that may take place during the course of litigation. The client expects that the fee agreement will provide the sole source of income for the attorney. The attorney, on the other hand, has the technical knowledge and experience to be able to anticipate awards of attorneys' fees. Consequently, absent specific statutory provisions to the contrary, public policy considerations compel us to put the burden on the attorney to state specifically who shall receive court-awarded attorneys' fees. Although requiring express provisions in a retainer agreement may not put the client and the attorney in the identical bargaining position in negotiating fee agreements, at least express provisions give the client some opportunity to object to fee arrangements. Mrs. Hamilton had no such opportunity in this case.[15]
 
 
 21
 In Chalmers v. Oregon Automobile Ins. Co., 263 Or. 449, 502 P.2d 1378 (1972) (en banc), the Oregon Supreme Court reviewed a statutory award of attorneys' fees in light of a contingency fee agreement between the plaintiff and his attorneys. In deciding whether the attorney or the plaintiff should get the award, the court noted the "basic unfairness" that a client would feel if, in addition to the client's fee, the court paid the attorney an additional fee. 502 P.2d at 1381. The court went on to hold that:
 
 
 22
 If, however, the contingent fee agreement makes no specific reference to any possible attorney fee which may be awarded by the court and makes no specific provision for the manner in which any such fee is to be considered in computing the amount, source, and manner of distribution of the contingent fee, we hold that any attorney fee awarded by the court shall be offset as a credit or deduction from the amount of the agreed contingent fee, as computed upon the basis of the amount of the judgment.
 
 
 23
 Id. We agree with the holding of the Oregon Supreme Court.[16]
 
 III. CONCLUSION
 
 24
 Because we have found that the Rule 37(b) award should go entirely to the plaintiff in this case, we vacate the District Court's order and remand for an order consistent with this opinion.
 
 
 25
 So Ordered.
 
 
 
 [1]
 When Mrs. Hamilton filed this action, the law firm was named Williams, Connolly & Califano. At the time of this appeal the name had been changed to Williams & Connolly. In this opinion we refer to the law firm under its new name
 
 
 [2]
 The full Retainer Agreement can be found in the Joint Appendix ("J.A.") at 1. The Retainer Agreement expressly provided that it covered "professional services rendered in preparation for and presentation of the claim in the trial court only." Id. Charges for appellate work would "be made on a reasonable time basis." Id
 
 
 [3]
 The defendants did not turn over the documents because they had permitted them to be destroyed. The Magistrate found default to be too severe a sanction, however, because he was not convinced that the defendants had acted "knowingly or willingly." See J.A. at 5
 
 
 [4]
 There is no evidence in the record concerning what representations, if any, the law firm made in order to induce Mrs. Hamilton to endorse the check to them
 
 
 [5]
 The jury found Westinghouse and Econo-Car, the defendants who had paid the Rule 37(b) sanction to Mrs. Hamilton, not liable. See J.A. at 45
 
 
 [6]
 The law firm also argued that it could have used the time expended "on other client matters for which it would have received compensation." J.A. at 48
 
 
 [7]
 The District Court reasoned that since the Retainer Agreement did not apply to the Rule 37(b) award, J.A. at 80, and that since the attorneys, not the plaintiff, had suffered injury, they should be compensated through the Rule 37(b) award. J.A. at 82
 
 
 [8]
 The Second Circuit has identified three general purposes served by Rule 37(b) sanctions: to prevent a party from profiting from its failure to comply with a discovery order; to ensure compliance with the particular discovery order at hand; and to serve as a general deterrent against other litigants in other cases. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)
 
 
 [9]
 In David v. Hooker, Ltd., 560 F.2d 412 (9th Cir. 1977), the court of appeals affirmed a trial court order directing that a Rule 37(b) award be paid directly to the plaintiff's attorney. The opinion, however, is not helpful in the present case, for it does not discuss the fee agreement between the plaintiff and his lawyer
 
 
 [10]
 State courts are in substantial agreement with the holding in Laughlin. See, e. g., Carmichael v. Iowa State Highway Comm'n, 219 N.W.2d 658, 663 (Iowa 1974)
 
 
 [11]
 Williams & Connolly have been careful to point out that they seek no additional compensation from the plaintiff, but an award from the defendants
 
 
 [12]
 It should be reiterated that Rule 37(b) awards are punitive, not compensatory. No matter who gets the award, defendants will have been punished. The question here is whether Williams & Connolly can seek additional compensation when the Retainer Agreement provides the sole source of compensation for the attorneys. We hold that Williams & Connolly is barred on such a claim by the terms of their own agreement
 
 
 [13]
 Significantly, Williams & Connolly have cited only one case for the proposition that the fee agreement should not limit the trial judge's discretion in awarding attorneys' fees. That case, Bell v. Automobile Club of Michigan, 80 F.R.D. 228 (E.D.Mich.1978), however, did not address the issue. Rather, that case mentioned, in passing, that third-party financing of a law suit does not affect the trial court's decision to award attorneys' fees. The opinion does not discuss to whom the fees are to be awarded, although it does order that "defendants shall be required to pay to the plaintiffs the reasonable expenses, including attorney's fees." Id. at 230 & 233 (emphasis added)
 
 
 [14]
 See, e. g., Block v. Gates, 68 A.2d 898, 899 (D.C.Mun.App.1949) ("We adhere, however, to our previous position that the attorney's fee allowed to defendants should be included in the amount to be credited against the amount found due to plaintiff. We believe that it is a correct rule of law that an attorney's fee allowed under a statute not providing specifically that it go to the attorney is an allowance to the party and not to the attorney."); Carmichael v. Iowa State Highway Comm'n, 219 N.W.2d 658, 664 (Iowa 1974) ("The award for fees is for the client, not the attorney, and they, in this situation, are free to make their own fee contract."); In re Estate of Katz, 40 N.J.Super. 103, 122 A.2d 185, 187 (1956) ("Counsel fees are, as a general rule, awarded to litigants and not to counsel themselves. The purpose of allowing counsel fees is to reimburse or indemnify the party for some of the expense of the litigation.")
 
 
 [15]
 In many cases, the client retains the attorney on an hourly fee schedule. An award of attorneys' fees, given to the attorney, normally is credited against the client's bill. See Sargeant v. Sharp, 579 F.2d 645 (1st Cir. 1978). Since the attorneys in this case were fully compensated for work that they were contractually obligated to perform, we cannot see why the form of the Retainer Agreement contingency fee rather than an hourly rate should affect the ownership of the award. See Hulvat v. Royal Indemnity Co., 277 F.Supp. 769, 771 (E.D.Wis.1967) (ordering that the defendants pay the plaintiffs $250 "to apply toward his counsel's expenses," without any discussion of the form of the fee agreement between the plaintiff and his attorney)
 
 
 [16]
 In her brief, Mrs. Hamilton raised the possibility that, despite the outcome of the appeal on the award of attorneys' fees, Williams & Connolly collected twice on expenses incurred in the litigation involving the defendants' abuse of discovery once from Mrs. Hamilton and once from the defendants. At oral argument, Williams & Connolly conceded that "bookkeeping errors" may have inadvertently caused some double recovery of expenses. In light of the disposition of this case, we need not resolve any factual disputes over double recovery. It is obvious that Williams & Connolly must turn over to Mrs. Hamilton both the Rule 37(b) award for attorneys' fees and expenses