**NATIONAL LAWYERS GUILD,
Plaintiff,**

v.

**ATTORNEY GENERAL, et
al., Defendants.**

**No. 77 Civ. 0999 (CLB).**

United States District Court,
S. D. New York.

May 24, 1982.

See also, D.C., 94 F.R.D. 600.

---

DISCOVERY ORDER NO. 38

KENT SINCLAIR, Jr., United States Magistrate:

In Discovery Order No. 24, subsequently adopted by Judge Brieant, this court directed defendants Attorney General and Federal Bureau of Investigation to compensate plaintiff for the fees and costs incurred in bringing the sanctions motion. *Id.* at 36. Discovery Order No. 24 further directed plaintiff to submit an accounting of costs and hours and the regular hourly fee charged. *Id.* at 37. Such an accounting has been submitted, Krinsky Affirmation dated May 5, 1982. Defendants have opposed the claim for costs and fees contained in the Krinsky Affirmation. Defendants' Memorandum in Partial Opposition to Plaintiff's Claim for Fees and Costs Pursuant to Discovery Order No. 24, dated May 14, 1982 ("Defts. Mem.").

Defendants oppose plaintiff's cost and fee claim on the following grounds:

A. The plaintiff fails to state whether it was actually charged on an hourly basis for the work performed by its counsel in connection with the sanctions motion.[1]

---

1. "Defendants do not imply that in order to be eligible for a fee award under Rule 37(b), a party actually must have incurred those fees. Rather, defendants suggest that if the Court intended to award plaintiffs (and not their counsel) *compensation*, the Krinsky Affirmation fails to indicate what the NLG and former plaintiffs were billed for counsel's services and thus to establish plaintiffs' need to be compensated." Defts. Mem. at 3.

B. The plaintiff is seeking recovery for fees and expenses generated in connection with matters other than the sanctions motion.

C. The plaintiff's counsel spent too much time on one task, preparation for the September 9, 1981 hearing, assuming arguendo such preparation was a sanctions related task.

D. The plaintiff improperly seeks recovery for tasks performed after Discovery Order No. 24 was entered, *i.e.*, "study" of D.O. 24, preparation of fee application, telephone calls about possible appeal from D.O. 24, correspondence with the client about D.O. 24 and other decisions.

E. The plaintiff cannot recover costs and fees generated before October 1, 1981 because the effective date of repeal of Rule 37(f), a waiver of sovereign immunity, did not occur until October 1, 1981.

F. The hourly rates for which counsel fee recovery is sought are excessive.

G. The expenses sought are excessive and insufficiently itemized.

These matters are resolved in succeeding sections of this Order.

A. *Relevancy of Actual Billing Arrangements.*

Generally, courts have concluded that the amount of a reasonable attorneys' fee award, in contexts analogous to Rule 37 sanctions, should be determined without reference to any private agreement between client and counsel. *See, e.g., Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 861 (7th Cir. 1981); *Manhart v. Los Angeles*, 652 F.2d 904 (9th Cir. 1981); *Sargeant v. Sharp*, 579 F.2d 645 (1st Cir. 1978); *Chrapliwy v. Uniroyal, Inc.*, 509 F.Supp. 442 (N.D.Ind.1981). And courts have rejected the contention, in situations analogous to Rule 37 sanctions, that plaintiffs represented on a pro bono basis are not entitled to attorneys' fees. *See, e.g., Miller v. Apart-*

*ments & Homes of New Jersey, Inc.*, 646 F.2d 101 (3d Cir. 1981); *Torres v. Sachs*, 538 F.2d 10, 12–13 (2d Cir. 1976), or should receive a reduced amount, *Miller, supra; EEOC v. Sage Realty*, 521 F.Supp. 263, 507 F.Supp. 599 (S.D.N.Y.1981).

In *Hamilton v. Ford Motor Co.*, 636 F.2d 745 (D.C.Cir.1980), the district court, pursuant to Rule 37, ordered "the imposition of all reasonable expenses including attorneys' fees incurred by the injured party due to the wrongful acts of the party at fault." *Id.* at 746. Since plaintiff's counsel were operating on a contingent fee, they argued that the award should go to them, not plaintiff: "'the plaintiff had not in fact incurred said expenses ... [and the] firm at no time [had] been compensated by plaintiff for the time spent in pursuit of discovery compliance.'" *Id.* at 747. Noting the punitive and deterrent purposes of Rule 37 awards, *id.* at 749, n.12, and the fact that the Retainer Agreement did not provide for an award of such fees to the attorneys, the court directed that a $50,000 award be made to plaintiff, notwithstanding that it might serve no compensatory purpose.

■ The court's intent in the present case was not to limit fee recovery by plaintiff to amounts actually paid out to its counsel in the past. Defendants' literal interpretation of a phrase[2] in Discovery Order No. 24 to that effect is not unreasonable, but on the other hand the surrounding portions of that order (emphasizing punitive and deterrent function of sanctions) should have left little doubt that defendants' conduct was not the sort that deserved simply a tongue lashing. *See Cine Forty Second Street Theatre Corp. v. Allied Artists Picture Corp.*, 602 F.2d 1062, 1064–66 (2d Cir. 1979)(objectives of sanctions not achieved by paper tigers). Thus, defendants should pay to plaintiff an amount equal to the number of attorney and paralegal hours spent bringing the sanctions motion multiplied by a reasonable hourly fee plus ex-

---

2. "I find that the purposes of Rule 37(b), as outlined above, require ... that plaintiffs be compensated for the fees and costs incurred in bringing this motion...." D.O. 24 at 36.

penses. The court has no interest at this juncture in compelling plaintiff to expose its fee arrangements to scrutiny by the court and defendants.

### B. *Fee Recovery For Non-Sanctions Related Work.*

Defendants' point in this respect is, generally, well taken. Defendants' conduct deserves punishment, and the need for deterrence is clear, but plaintiff is not entitled to a bonanza or an unbridled feed at the government trough.

█ No fee recovery will be had for work related to the preparation of a discovery plan.

No fee recovery will be had for work performed after the entry of Discovery Order No. 24.

Fee recovery shall be had for the work reasonably attributed to the sanctions motion as follows:

1. Pre-hearing and hearing matters.
   One-third (⅓) of attorney and paralegal fees for work done in preparation for the September 9, 1981 hearing.

   | | |
   |---|---|
   | Michael Krinsky, Esq.: | 7 hours |
   | Gordon Johnson, Esq.: | 25.5 hours |
   | Ms. Cruhlac : | 5.8 hours |

2. Post-hearing matters.

*Michael Krinsky, Esq.*

| Date | Activity | Hours |
|---|---|---|
| 10/06/81 | Phone conf. to obtain *Alliance* papers for submission. | .5 |
| 10/07/81 | Phone conf. re *Alliance* case and review of documents in that case. | 1.1 |
| 10/13/81 | Preparation and dictation of 4-page letter to Magistrate re Chicago cases w/enclosure. | 1. |
| 10/20/81 | Studying the transcript for sanctions motion. | 2. |
| 10/21/81 | Research on motion for sanctions. | 4.3 |
| 10/23/81 | Research on sanctions. | 7. |
| 11/11/81 | Research re sanctions. | 4.3 |
| 11/12/81 | Research re sanctions. | 5.1 |
| 11/13/81 | Drafting of sanctions – motion and brief. | 6.5 |
| 11/15/81 | Drafting of sanctions – motion and brief. | 4.1 |
| 11/16/81 | Completing sanctions – motion and brief. | 2.2 |
| 02/08/82 | Reply on sanctions. | 6. |
| 02/09/82 | Reply on sanctions. | 3. |
| 03/01/82 | Reply affidavit on sanctions. | 3. |
| 03/04/82 | Reply affidavit re sanctions. | 1.2 |
| 03/05/82 | Affidavit re sanctions. | 1. |
| | TOTAL | 52.3 |

*Gordon Johnson, Esq.*

| Date | Activity | Hours |
|---|---|---|
| 10/07/81 | Research re *Alliance* case. | 1. |
| 11/13/81 | Review of draft discovery sanction motion; conf. re same w/Krinsky. | 1. |
| 11/16/81 | Final preparation of discovery sanction motion; correspondence w/court in connection w/motion; final preparation of affidavit of chronology. | 2. |

*Gordon Johnson, Esq.*

| Date | Activity | Hours |
|------|----------|-------|
| 11/17/81 | Collection of authorities. | 1. |
| 11/18/81 | Correspondence re authorities. | .5 |
| | TOTAL | 5.5 |

**C.** *Recovery for September 9th hearing preparation.*

▉ Defendants' point here is also well taken. Only one of the purposes of the hearing was to permit the parties to make their record on sanctions. As set forth in the previous section, it is the court's judgment, based on a review of the transcript, that only one-third of pre-hearing and hearing attorney/paralegal work is reasonably viewed as sanctions related.

**D.** *Work Performed after the entry of Discovery Order No. 24.*

Again, defendants' point is well taken, and no recovery will be permitted for this work. While every such order may reasonably be expected to take counsel's time in reading and considering appeal, neither the policies underlying Rule 37 sanctions, nor the factors which led to Discovery Order No. 24 suggest that post-disposition time be compensable.

**E.** *Pre-October 1, 1981 work.*

Rule 37(f) was repealed by the Equal Access to Justice Act, Pub.L. 96-841, which by its terms applies to actions filed after or pending on October 1, 1981. Defendants' position is that the language and history of this statute preclude a fee and cost award for work performed prior to October 1, 1981. Plaintiff's view is that so long as the matter was pending on or after October 1, 1981, recovery may be had for work performed prior to that date. This issue was extensively briefed by the parties in connection with the sanctions motion.

▉ All cases located by the parties and court squarely and uniformly support plaintiff: the Act's "effective date is no barrier to an award of fees and costs which might have occurred [earlier]", so long as the matter is pending on or commenced after October 1, 1981. *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982); *Globe, Inc. v. United States,* No. 80–1898 (April 7, 1982, D.D.C.); *Photo Data Inc. v. Sawyer,* 533 F.Supp. 348 (D.D.C.1982). *See also Spang v. United States,* 533 F.Supp. 220 (W.D.Okl.1982); *East Baton Rouge School Board v. Knights of KKK,* 643 F.2d 1034 (5th Cir.), *cert. granted,* vacated and remanded for consideration in light of the Equal Access to Justice Act, 50 U.S.L.W. 3446 (S.Ct. 1981). *Cf. Brookfield Construction Co. v. United States,* 661 F.2d 159 (Ct.Cl.1981). The court must follow the sound reasoning of the cited cases and include in the sanction costs and fees for pre-October 1, 1981 work.

**F.** *Hourly Rates.*

Plaintiff seeks payment based on an hourly rate of $160–190 for Michael Krinsky, Esq., $125 for Gordon Johnson, Esq., and $45 for Ms. Cruhlac, a paralegal. No question can be entertained about the skill and aggressiveness of the representation provided plaintiff, but these rates are a bit higher than the hourly rates customarily granted in other fee award contexts in this locality. *See, e.g., Irving Trust Co. v. Nationwide Leisure Corp.,* 79 Civ. 0261 (12/1/81 S.D.N.Y.) ($72.50 per hour avg. for experienced partners and inexperienced associates); *Ingram v. Madison Square Garden,* 76 Civ. 5870 (March 23, 1982)($100 for partner, $60 for associate); *Stenson v. Blum,* 512 F.Supp. 680 (S.D.N.Y.1981)($95–$105, 1975–77 law graduates); *Becker v. Blum,* 487 F.Supp. 873 (S.D.N.Y.1980) ($90 for attorneys with two years experience, $75 for attorneys with less than two years); *Population Service International v. Carey,*

476 F.Supp. 4, 10 (S.D.N.Y.1979)(for work done in 1975, $75 to $120 for partners, $60 for a fourth year associate); *Richardson v. Civil Serv. Commission of State of New York*, 449 F.Supp. 10 (S.D.N.Y.1978)($90 for experienced counsel, $60 for junior associate); *Kane v. Martin Paint*, 439 F.Supp. 1054 (S.D.N.Y.1977), *aff'd* 578 F.2d 1368 (2d Cir. 1978) ($100 for partners, $65 for associates); *Burger v. CPC International, Inc.*, 76 F.R.D. 183 (S.D.N.Y.1977)($125); *Frankenstein v. McCrory*, 425 F.Supp. 762 (S.D.N.Y. 1977)($125–140 for partners, $75–80 for associates); *Barnett v. Pritzker*, 73 F.R.D. 430 (S.D.N.Y.1977)($100–125 for partners, $50–75 for associates); *Blank v. Talley*, 390 F.Supp. 1 (S.D.N.Y.1975)($100 for partner, $50 for associate).

■ The sanction here shall be based on hourly rates of $130 for Mr. Krinsky, $90 for Mr. Johnson, and $40 for Ms. Cruhlac.

### G. *Costs.*

The cost accounting portion of the Krinsky Affirmation is assailed on two grounds: (1) insufficient itemization; (2) no demonstrated relation to sanctions work. These objections are, generally, well taken. Plaintiff has merely categorized the expenses incurred, and expenses are sought for expenditures made not solely in connection with sanctions related work but also for non-sanctions related matters.

■ I find that the sum of $500 is a substantially documented, reasonable figure for the expenses aspect of the sanction. *See Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1102–03 (2d Cir. 1977).

### CONCLUSION

Defendants shall pay to plaintiff the sum of $11,231.00[3] within thirty (30) days. Payment may be made in care of plaintiff's counsel.