875 F.2d 350
 277 U.S.App.D.C. 317
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Pratibha JOSHI, Dr., Appellant
v.
PROFESSIONAL HEALTH SERVICES, INC., et al.
 No. 88-7022.
 United States Court of Appeals, District of Columbia Circuit.
 May 24, 1989.
 
 Before SPOTTSWOOD W. ROBINSON, III, RUTH B. GINSBURG and D.H. GINSBURG, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C. Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed December 21, 1987 be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold the issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Pratibha Joshi challenges the denial of her request to set off an award of attorney's fees imposed by the district court against an unsatisfied debt arising out of a D.C. Superior Court proceeding against appellee Professional Health Services, Inc ("PHS"). We affirm the denial of the setoff.
 
 
 5
 It is well settled that cross obligations between the parties are a necessary predicate to any setoff. See, e.g., E.C. McAfee A/C Bristol Metal Indus. v. United States, 832 F.2d 152, 154 (Fed.Cir.1987) (setoff not permitted absent reciprocal obligations); Bulasky v. Federal Deposit Ins. Corp., 442 F.2d 341 (9th Cir.1971) (for setoff to be proper "the debts must be due and owing to and from the same persons in the same capacities"). Appellees argue that there is no mutual obligation here because the fees were awarded to appellees' attorneys directly and that appellant's unsatisfied claim is solely against PHS, a now-defunct entity with no income or assets. Appellant, however, claims that under this court's decision in Hamilton v. Ford Motor Co., 636 F.2d 745 (D.C.Cir.1980), an attorney's fee award under Federal Rule of Civil Procedure 37(b) belongs to the client, which means that in this case, there is a mutual obligation against which to predicate a setoff. Appellant's reliance upon Hamilton is misdirected.
 
 
 6
 In Hamilton, the trial court awarded plaintiff fifty thousand dollars in reasonable expenses, including attorney's fees for defendants' abuse of the discovery process. 636 F.2d at 746-47. A dispute thereafter arose whether the award belonged to plaintiff or her counsel. The retainer agreement between the law firm and the client specifically provided that the law firm's fee would be "one-third of any amount recovered." Id. at 747. This court ruled that "the plain terms of the Retainer Agreement must be read to preclude any award of compensation to plaintiff's attorneys." Id. The court noted, however, that "it is possible to construe the [language of] rule as leaving the trial judge discretion, under proper circumstances, to award attorneys' fees directly to attorneys." Id. at 748. See David v. Hooker, Ltd., 560 F.2d 412 (9th Cir.1977) (affirming a trial court order directing that a Rule 37(b) award be paid directly to plaintiff's attorney).
 
 
 7
 Unlike the situation in Hamilton, in this case the magistrate specifically provided that the award be paid directly to appellees' attorneys. The magistrate awarded the fees to the attorneys as reimbursement for costs and expenses incurred as a result of appellant's wrongful abuse of the discovery process. Appellant's claim, therefore, that the award belongs to PHS and the other appellees, and not to their attorneys, is unpersuasive.
 
 
 8
 Because Joshi's unsatisfied debt arising from Superior Court is against PHS and the fees imposed by the district court belong to PHS's counsel among others, there is no reciprocal obligation against which to set off the imposition of sanctions. See E.C. McAfee, 832 F.2d at 154. Accordingly, the district court's order is affirmed.[1]
 
 
 
 [1]
 Because this appeal is not frivolous, we deny appellees' request for sanctions. See Fed.R.App.P. 38 ("[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee"); Reliance Ins. Corp. v. Sweeney Corp., 792 F.2d 1137, 1138 (D.C.Cir.1986) (per curiam) ("appeal is frivolous when its disposition is 'obvious,' and the legal arguments are 'wholly without merit' " (quoting Gattuso v. Pecorella, 733 F.2d 709, 710 (9th Cir.1984))