Lucy R. EDWARDS, Appellant

v.

**CLIMATE CONDITIONING CORPORATION, t/a Climate Heating and Cooling, Appellee.**

No. 06–CV–453.

District of Columbia Court of Appeals.

Argued Feb. 6, 2008.

Decided Feb. 28, 2008.

---

Lucy R. Edwards, pro se.

David Zachary Kaufman, for appellee.

Before GLICKMAN and FISHER, Associate Judges, and STEADMAN, Senior Judge.

GLICKMAN, Associate Judge:

Appellant Lucy Edwards contends that the trial court abused its discretion by ordering her to pay the opposing party's costs and attorney's fees as a sanction for her discovery violations. We affirm the court's orders.

Edwards, an attorney, represented Thelma Ferbish in her lawsuit against appellee Climate Conditioning Corporation ("Climate") for breach of contract, negligence, and fraud in connection with a furnace installation. Climate served Edwards with its initial set of interrogatories and document requests on March 18, 2004. Under Super. Ct. Civ. K. Rules 33 and 34, Ferbish's responses were due within thirty days,[1] but no responses were forthcoming. On April 27, May 20, and June 1, 2004, Climate's counsel David Kaufman, sent letters to Edwards asking for responses to the overdue discovery. Edwards did not answer those letters. After two unproductive conversations with Edwards in June, and with the close of discovery nearing, Kaufman filed a motion to compel discovery pursuant to Super. Ct. Civ. R. 37 (a)(2). On July 23, 2004, after a hearing, the court granted Kaufman's motion. Perhaps because Edwards cited extenuating circumstances, including recent health issues and a fire in her law office in April, the court did not impose any sanction at that time. However, the court ordered that Climate's outstanding discovery requests be answered in ten days. The court also issued a revised scheduling order,[2] which, among other things, required the appellant to identify her witnesses and disclose the substance of her experts' opinions by the end of August.

Edwards did not comply with either the July 23 discovery order or the revised scheduling order, leading Kaufman to file a second motion to compel discovery and for sanctions on September 2, 2004. While that motion was pending, Kaufman noticed Ferbish's deposition for September 22. Neither Edwards nor Ferbish appeared for the deposition.[3]

The parties returned to court for a hearing on Climate's motion on October 8, 2004. On this occasion, the court ordered Ferbish not only to answer Climate's dis-

---

1. *See* Super. Ct. Civ. R. 33(b)(3), 34(b).

2. *See* Super. Ct. Civ. R. 16(b).

3. Edwards asserted that she and her client had received no notice of the deposition, perhaps because mail had not been delivered. The record contains no trial court ruling on the credibility of this explanation.

covery requests, identify her witnesses, and disclose her experts' opinions within ten days, but also to pay Climate $2,000 to cover its costs and attorney's fees in filing its second motion to compel. Edwards paid this monetary sanction from her own funds.

A week after the October 8 hearing, Edwards served partial answers to Climate's discovery requests, together with a witness list and expert witness designation. The information provided in purported compliance with the court's discovery and scheduling orders was vague and incomplete. Among other deficiencies, the perfunctory disclosures did not reveal the substance of the opinion testimony anticipated from Ferbish's "key" expert witness or the full identities of her other witnesses (such as an anonymous witness identified only as Ferbish's "play sister"). Kaufman thereupon filed what he called a third motion for sanctions. After holding a hearing on November 24, 2004 (at which Ferbish discharged Edwards as her counsel), and despite Edwards's belated supplementation of her discovery responses on November 19, the court decided to impose a sanction. Finding that the responsibility for disobeying its directives rested with Edwards rather than her client, the court ordered Edwards to pay Climate $4,842 to cover the attorney's fees and costs it had incurred in trying to obtain discovery.

"Pretrial discovery is intended to operate via the parties' voluntary cooperation with a minimum of judicial oversight, and consequently, it is vulnerable to parties who choose to employ obstructive tactics in bad faith" [4] or who default on their obligations through neglect or incompetence. Because such conduct causes harm to innocent litigants and jeopardizes the fairness and integrity of trial proceedings, a court "has a *duty* to take proportionate and effective countermeasures" against a party, or a party's attorney, found to have abused or subverted the discovery process.[5] Super Ct. Civ. R. 37, like its federal counterpart,[6] enumerates the different sanctions that a court may impose for unjustified noncompliance with discovery requests or disobedience of a court's discovery orders. One of those sanctions is an award of reasonable expenses, including attorney's fees. Depending on which provision of Rule 37 applies, the court may award any expenses "incurred in making the motion" to compel,[7] "caused by the failure" to obey the court's order,[8] or "caused by the failure" to respond at all to interrogatories, document requests or a deposition notice.[9] The decision to impose Rule 37 sanctions "is vested in the broad discretion of the trial court, and we will disturb the ruling only for an abuse of discretion." [10] Generally speaking, we will find such an abuse only where the sanctions are "too strict or unnecessary under the circumstances." [11] Howev-

**4.** *Jung v. Jung,* 791 A.2d 46, 48 (D.C.2002).

**5.** *Id.* at 49 (emphasis added).

**6.** Super Ct. Civ. R. 37 is patterned on Rule 37 of the Federal Rules of Civil Procedure. We construe our local rule "consistently" with the federal rule even though it differs from that rule in certain respects. *Habib v. Thurston,* 517 A.2d 1, 8 n. 13 (D.C.1985) (citation omitted).

**7.** Super. Ct. Civ. R. 37(a)(4).

**8.** Super. Ct. Civ. R. 37(b)(2).

**9.** Super. Ct. Civ. R. 37(d).

**10.** *Firestone v. Harris,* 414 A.2d 526, 527 (D.C.1980).

**11.** *Weiner v. Kneller,* 557 A.2d 1306, 1309 (D.C.1989) (internal quotation marks and citation omitted).

er, whether or not other sanctions are imposed, "in the absence of substantial justification for a refusal to comply [or other circumstances that would render an award unjust], the award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery." [12]

The same principles apply with respect to noncompliance with scheduling orders (and other pretrial orders) issued pursuant to Civil Rule 16.[13] Much like Rule 37, Rule 16(*l*) authorizes the court to impose a range of sanctions and specifically requires the court to order payment of reasonable expenses, including counsel fees, "incurred because of any noncompliance with this Rule," unless "the noncompliance was substantially justified" or "other circumstances make an award of expenses unjust." [14]

 Edwards contends that the court abused its discretion by imposing unduly strict monetary sanctions in response to improperly-filed motions to compel discovery. Her principal claim is that Climate's counsel filed the motions without trying to meet with her to resolve their discovery dispute informally or otherwise satisfying the "good faith effort" requirements of Rule 37(a).[15]

 This case is not governed by subsection (a) of Rule 37, however. Subsection (a), which addresses motions to compel proper responses to discovery requests, applied to Climate's first motion to compel.[16] But the court imposed no sanctions in response to that first motion. Rather, the sanctions were triggered by Climate's second and third motions, which pertained mainly to the failure of Edwards and her client to comply with the court's discovery and scheduling orders. The imposition of sanctions for disobedience of those orders is governed not by Rule 37(a), but by Rules 37(b) and 16(*l*). "[T]here is no requirement in Rule 37(b)

12. *Habib, supra note* 6, 517 A.2d at 8 (internal quotation marks and citation omitted). *See* Super. Ct. Civ. R. 37(a)(4), (b)(2), and (d).

13. *See Lowrey v. Glassman,* 908 A.2d 30, 38 (D.C.2006).

14. Super. Ct. Civ. R. 16(*l*); *see Lowrey, supra* note 13, 908 A.2d at 38 (citing *Leslie v. LaPrade,* 726 A.2d 1228, 1233 (D.C.1999)).

15. Rule 37(a) provides that before any motion to compel discovery is filed, the affected parties or their counsel ordinarily must meet and confer in an effort to resolve the dispute, and the moving party must certify that it made a "good faith effort" to obtain the material sought. The certification must describe the effort made and state the date, time and place of the meeting. The meet and confer requirement is "waived" if

(i) the motion concerns a failure to serve any response whatever to a Rule 33, 34 or 36 discovery request or a failure to appear for a deposition or a Rule 35 examination and the motion is accompanied by a copy of a letter, sent at least 10 days before the motion was filed, asking that the opposing counsel or party respond to the discovery request or that the deponent or examinee appear for a rescheduled deposition or examination; or (ii) the movant certifies that, despite having sent to the opposing counsel or party, at least 10 days before the motion was filed, a letter (a copy of which shall be attached to the motion) proposing a time and place for such a meeting, and despite having made two telephone calls to the office of the opposing counsel or party (the date and time of which calls shall be specified in the motion), the movant has been unable to convene a meeting to resolve the disputed discovery matter.
Super. Ct. Civ. R. 37(a).

16. Climate complied with the requirements of Rule 37(a) when it filed its first motion to compel by attaching copies of Kaufman's three letters to Edwards. Because Edwards had not served any response at all to Climate's interrogatories and document requests, the meeting requirements of Rule 37(a) were waived.

that a party try to secure the discovery through negotiations before filing a motion for sanctions. The requirement that a court already have ordered the discovery obviates the need for the meet and confer." [17] There likewise is no meet-and-confer requirement in Rule 16(*l*). Once the court has entered an order, there is nothing more for the parties to negotiate. Thus, the court was not precluded from imposing monetary sanctions on Edwards merely because Climate did not undertake to satisfy the requirements of Rule 37(a) in connection with its second and third motions.

 Rule 37(b)(2)(E) provides that "the Court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." As previously noted, Rule 16(*l*) contains a similar provision applicable when a party fails to obey a scheduling order. Although Edwards has offered various explanations for her failure to comply with the court's orders—including her health, the fire in her law office,

and her client's uncooperativeness—her excuses find scant support in the record.[18] Edwards has not substantiated her claim that the award in this case was unjustified or unduly strict under the circumstances. In point of fact, the court accommodated Edwards's stated problems by extending her time to provide discovery. Edwards's difficulties, however legitimate, were not insurmountable, and her non-performance in spite of the court's consideration was flagrant. "There is no requirement that [a] failure [to comply with discovery] be willful or malicious; a conscious [or negligent] failure to comply is sufficient." [19] Furthermore, that Edwards ultimately may have provided the discovery at issue at the eleventh hour does not excuse her disregard of the court's orders or undermine the court's decision to sanction her. "If parties [were] allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect [would] be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the [ ] discovery rules." [20]

 Lastly, on the present record, we are not prepared to second guess the

---

**17.** 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE—CIVIL § 37.40 (2007). *See, e.g., Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.,* No. CV 95–4995, 1998 U.S. Dist. Lexis 17224, at *13 (C.D.Cal. Aug. 4, 1998) (stating that the "meet-and-confer requirement does not apply to motions for sanctions under Federal Rule 37(b) for the failure to comply with a court order.").

**18.** We note that Edwards has not provided this court with the transcript of the November 24, 2004, hearing, at which the court addressed Climate's third motion. Absent that transcript, we are in no position to conclude that the court abused its discretion in deciding that Edwards did not justify her failure to comply with its orders. "Appellate review is limited to matters appearing in the record before us, and we cannot base our review of

errors upon statements of counsel which are unsupported by that record." *Cobb v. Standard Drug Co.,* 453 A.2d 110, 112 (D.C.1982) (internal quotation marks and citation omitted). It is an appellant's burden to "present this court with a record sufficient to show affirmatively that error occurred." *Id.* at 111; *see also Van Durr v. Kator & Scott,* 788 A.2d 579, 581 (D.C.2002) ("Lacking a transcript in this appeal, we have only the unsupported (and conflicting) statements of alleged fact in the parties' briefs.... Accordingly, we have no choice but to affirm the judgment on appeal.").

**19.** *Firestone,* supra not 10, 414 A.2d at 527.

**20.** *Dellums v. Powell,* 184 U.S.App.D.C. 339, 343–44, 566 F.2d 231, 235–36 (1977).

court's determination as to the proper amount of its monetary awards. While Climate petitioned for $7,578 in attorney's fees and costs, the reimbursements ordered by the court totaled $6,842 ($2,000 plus $4,842). A reduction probably was appropriate because not all of the expenses claimed by Climate were attributable to Edwards's violation of the court's orders. Edwards has not attempted to establish that the court applied the wrong metric or allowed unrecoverable expenses. Some degree of imprecision in the court's discretionary calculation is certainly tolerable (if not also inevitable), and questing for further accuracy would impose on both the parties and the judiciary additional burdens exceeding the potential benefits. Moreover, a measure of strictness was warranted. Discovery sanctions under Rule 37(b) are intended to be punitive as well as compensatory and to serve as a general, as well as a specific, deterrent.[21] Sanctions are levied to penalize the offending party, to prevent it from profiting by its misconduct, and to enforce compliance, as well as to compensate the injured party. Sanctions also are meant to deter other litigants from engaging in discovery abuses in other cases.[22] We conclude that the monetary sanctions in this case fairly and reasonably served those purposes. We find no abuse of the court's broad discretion.

*Affirmed.*

---

**21.** *See, e.g., Hamilton v. Ford Motor Co.,* 205 U.S.App.D.C. 37, 39, 636 F.2d 745, 747 (1980) ("The principal purpose of Rule 37(b) is punitive, not compensatory."). The same is true of Rule 16(*l*), which incorporates the sanction provisions of Rule 37(b) by express reference.

**22.** *See Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).