**SOUTHERN OREGON CITIZENS AGAINST TOXIC SPRAYS,**
Plaintiff,

v.

**James WATT, Secretary of the Interior; Robert Burford, Director, Bureau of Land Management; William Leavell, State Director for Oregon, Bureau of Land Management; Hugh Shera, District Manager for Medford District, Bureau of Land Management; in their official capacities and individually, Defendants.**

Civ. No. 79–1098FR.

United States District Court,
D. Oregon.

Feb. 3, 1983.

Michael Jewett, Jacobson, Jewett & Thierolf, Ashland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Thomas C. Lee, Asst. U.S. Atty., Portland, Or., for defendants.

## OPINION AND ORDER

FRYE, Judge:

This matter is before the court upon plaintiff's request for $15,375 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).

Plaintiff prevailed in its effort to obtain an injunction against further herbicide spraying in the Medford District. It prevailed on its fourth argument, which was that defendants were required to include a "worst case analysis" in the Environmental Assessment, disclosing and evaluating scientific uncertainty concerning the human health effects of certain of the herbicides in use. The court enjoined all herbicide spraying until a "worst case analysis" was prepared, with limited exceptions as set out in the modification to the order.

Section 2412(d)(1)(A) of the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

It is undisputed that plaintiff is eligible to seek an award of attorney fees under 28 U.S.C. § 2412(d)(1)(A). Plaintiff has filed an itemized statement from its attorney showing the time spent and hourly rate.

Plaintiff has also alleged that the position of the United States was not substantially justified as required by 28 U.S.C. § 2412(d)(1)(B). The Government now has the burden to show there was substantial justification for its position. House Rept. No. 96–1418, pp. 10–11, *reprinted in* 1980 U.S.Code Cong. & Admin.News, at 4989.

Plaintiff contends the Government's position was not substantially justified for four reasons:

1. The court found in its opinion of September 9, 1982, that defendants' own expert, Dr. Frank Dost, himself acknowledged that scientific uncertainty existed over the human health effects of defendants' herbicides.

2. Defendants were informed of the opinions of plaintiff's experts as to that uncertainty on numerous occasions, some as early as 1978.

3. A plain reading of the terms of 40 C.F.R. § 1502.22 should have indicated to defendants the necessity of preparing a "worst case analysis."

4. Defendants raised two defenses that were not reasonably meritorious: the laches defense, and reliance on Environmental Protection Agency registration.

Defendants contend that their position was substantially justified because:

1. The court rejected three of plaintiff's four arguments, and

2. Defendants' position with regard to the argument on which plaintiff ultimately prevailed (worst case analysis required) was substantially justified, even if the court concluded it was legally incorrect, in that it was based on a reasonable analysis of the regulation. Defendants point out that until this court's opinion there was no case authority or other authority holding against defendants' position.[1]

## ANALYSIS

The legislative history of the EAJA is important:

---

1. Defendants cite *Sierra Club v. Sigler*, 532 F.Supp. 1222 (S.D.Tex.1982), where the court held a worst case analysis founded upon uninformed speculation and conjecture would be of too little informational value to be required by the regulation. This case is not in conflict with this court's ruling.

The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to contesting Government action require that the burden of proof rest with the Government . . . .

\* \* \* \* \* \*

The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing. Furthermore, the Government should not be held liable where "special circumstances would make an award unjust." This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.

House Rept. No. 96–1418, *supra,* pp. 10–11, 1980 U.S.Code Cong. & Admin.News at 4989–90. *See also, S & H Riggers & Erectors, Inc. v. O.S.H.R.C.,* 672 F.2d 426 (5th Cir.1982).

The regulation requiring a "worst case analysis" under certain circumstances became effective on July 30, 1979. There is little case law interpreting it. If it was unreasonable under all of the facts and circumstances for defendants to omit a worst case analysis, then plaintiff is entitled to an award of attorney fees.[2]

The court concludes the Government did not act unreasonably. The Government prevailed in three out of four of plaintiff's contentions. Regulation 40 C.F.R. § 1502.-22 is a convoluted regulation, difficult to interpret. There was little case law to guide the Government.

IT IS ORDERED that plaintiff's application for attorneys' fees is denied.

---

**2.** The EAJA became effective October 1, 1981, and applies to civil actions pending on, or commenced on or after that date. Pub.L. No. 96–481 § 208, 94 Stat. 2330 (1980) (*see* 28 U.S.C. § 2412, note). Defendants argue that as this statute is a waiver of sovereign immunity and must therefore be strictly construed, and since the statute contains no provision for recovery of attorney fees against the United States prior to the effective date, attorney fees can only be awarded for services performed after the effective date.

The court rejects defendants' argument and relies upon *National Lawyers Guild v. Attorney General,* 94 F.R.D. 616 (S.D.N.Y.1982), a case which holds that the Act's "effective date is no barrier to an award of fees and costs which might have occurred [earlier]," so long as the matter is pending on or commenced after October 1, 1981. 94 F.R.D. at 620.