Raymond **BERTRAND**, Plaintiff,

v.

**UNITED STATES of America, Defendant,**

Robert **DEVORE**, et al., Plaintiff,

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al., Defendant, Civ. Nos. 81–838–RE, 81–1049–RE.**

United States District Court, D. Oregon.

April 1, 1983.

Jonathan M. Hoffman, Martin, Bischoff, Templeton, Biggs & Ericsson, Portland, Or., for plaintiff Bertrand.

Marc D. Blackman, Ransom, Blackman & Simson, Portland, Or., for plaintiff Devore.

Elden Gish, Regional Atty., Portland, Or., for defendant.

REDDEN, District Judge:

The plaintiffs in these cases are the owners of retail food stores who successfully challenged the actions of the federal Food and Nutrition Service (FNS), which sought to disqualify the stores from participating in the federal food stamp redemption program. *See Bertrand and Devore v. United States,* 552 F.Supp. 878 (D.Or.1982). The plaintiffs now seek attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. I am guided by *Rico-Sorio v. INS,* 552 F.Supp. 965 (D.Or.1982) (Judge Burns), and *Southern Oregon Citizens Against Toxic Sprays v. Watt, et al.,* 556 F.Supp. 155 (D.Or.1983) (Judge Frye), both of which are excellent analyses of the special problems raised by the EAJA. For the reasons set forth below, I grant attorneys' fees to plaintiff Devore and deny fees to plaintiff Bertrand.

Both plaintiffs seek attorneys' fees pursuant to 28 U.S.C. § 2412(d)(1)(A), which provides as follows:

Except as otherwise specified by statute, *a court shall award* to a prevailing party other than the United States any fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, *unless* the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(Emphasis added).

I find that the United States' position on the applicability of the FNS internal guidelines to these cases was substantially justified. Although I have ruled that those internal guidelines conflict with the applicable regulations and statutes, the government should not be foreclosed from bringing "test" cases where its position is substantially justified. *See Southern Oregon Citizens, supra.* While perhaps the FNS' regulations reached near the outer edge of the range of positions which could be said

to be substantially justified, I cannot conclude that plaintiffs are entitled to fees under the EAJA on the basis of the government's urging of its position on the merits of the internal guidelines.

■ I do find, however, that Devore is entitled to attorneys' fees. As pointed out in *Bertrand and Devore, supra,* FNS regulations authorize an enhanced penalty if a "specific warning" had been issued within the last three years. I held that neither plaintiff had received a "specific warning" and, therefore, these grounds for an enhanced penalty were not available. In *Devore,* however, it was clear from FNS records that *no warning* had issued within the three year period. In spite of this, FNS insisted, until oral argument on the motion for summary judgment, that such a warning had timely issued. Devore had pointed out the untimeliness of the warning throughout the administrative procedures, but FNS persisted that such a warning had timely issued. It was necessary, therefore, for Devore to litigate this matter, in federal court, to gain an acknowledgement that FNS was not applying its own guidelines as written.[1]

The actions of the FNS, with reference to its refusal to recognize the untimeliness of its warning to plaintiff Devore, present no close question under the statute. Neither the FNS' position in this litigation nor its underlying action could be considered "substantially justified" under any interpretation of the EAJA, *see Rico-Sorio, supra,* at 967 and n. 3. My granting of fees to plaintiff is in no way dependent upon the FNS' lack of success in the aspects of this litigation which I ruled on elsewhere, *see Bertrand and Devore, supra,* at 879–880, but rather hinges on the fact that the government simply did not follow its own rules in this case. The EAJA is an experimental remedial statute, and if it is to have any salutary effect in deterring unlawful government action it must be applied according to its terms, *see Rico-Sorio, supra,* at 967; *Southern Oregon Citizens, supra.*

FNS wilfully ignored its own guidelines and such action allows for an attorneys' fee award, additionally, under the "bad faith" exception, *see* 28 U.S.C. § 2412(b). There were no "special circumstances" making the award of fees unjust in *Devore,* who was clearly the prevailing party under the EAJA, *see* 28 U.S.C. § 2412(d)(1)(A).[2]

I hold the United States liable for plaintiff Devore's fees under the EAJA, §§ 2412(d)(1)(A) and 2412(b).

I am not certain whether I am required to address an issue not considered in *NLRB v. Doral, supra,* to wit: must I apply the "twelve *Kerr* factors"[3] in determining what fee is reasonable? I conclude that I should do so and, therefore, arrive at an alternate fee, in the event I am correct in my assumption that the Ninth Circuit requires the "*Kerr* exercise" in most, if not all, attorneys' fee decisions. I also assume that those twelve factors must be considered in setting a fee whether that fee includes a multiplier, or not.

---

1. Counsel for the government is not faulted. He acknowledged this deficiency at oral argument.

2. Plaintiff Devore is clearly a "prevailing party" not only because he prevailed on the applicability to him of the FNS' regulations concerning a "specific warning," *see Bertrand and Devore, supra,* but also because as a consequence of bringing this action Devore forced the government to concede that it had not provided a *timely* warning. This concession meant that Devore had prevailed on the merits of his claim that the FNS penalty was unwarranted, *see Hanrahan v. Hampton,* 446 U.S. 754, 758–759, 100 S.Ct. 1987, 1989–90, 64 L.Ed.2d 670 (1980); *NLRB v. Doral Bldg. Services,* 680 F.2d 647

(9th Cir.1982). While I have remanded another part of this case to the FNS for further proceedings, the FNS' concession on the "timely warning" issue, not achieved without this suit, has allowed Devore to prevail on the merits of his claim and renders an award appropriate at this time. *Cf. NLRB v. Doral, supra,* (Ninth Circuit remanded case to NLRB for more testimony *without* any finding on the merits; *held,* award of fees under the EAJA "at this time would be inappropriate"). Such is not the case here.

3. *Kerr v. Screen Extras Guild,* 526 F.2d 67, 69 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

It would seem that *Kerr* does apply and does require me to climb the twelve rungs of *Kerr,* or be found to have abused my already weary discretion. Because both 42 U.S.C. § 1988 and the EAJA allow plaintiff a "reasonable" fee, the *Kerr* factor exercise seems required to determine a fee that is "reasonable."[4]

In order to avoid a remand for further District Court determination I hereby consider the twelve *Kerr* factors and find that having considered those criteria an increase in the award is required to encourage attorneys to challenge illegal government actions. A multiplier of 1.2 is appropriate. I therefore would award a reasonable fee in the amount of $5,497.20 if *Kerr* factors were considered, but award only the "lodestar" figure of $4,581.00 if the *Kerr* factors are not applicable.[5]

In addition, I rule that if plaintiff Bertrand is found entitled to an attorneys' fee, the same analysis under *Kerr* would warrant a multiplier of 1.2, resulting in a fee of $3,165.00. I find the $75.00 per hour fee suggested by Bertrand's counsel to be reasonable, and increase it based upon the *Kerr* criteria, *see* 28 U.S.C. § 2412(d)(2)(A)(ii); plaintiff Bertrand's memorandum in response to government's objections at p. 6. If the *Kerr* factors are not applicable I would award only the "lodestar" amount of $2,637.50.

---

**4.** In addition, I note that the Ninth Circuit has used the *Kerr* criteria in setting fees in an antitrust context, *see Moore v. Jas. H. Matthews,* 682 F.2d 830, 839 (9th Cir.1982), and has held that it is an abuse of discretion to set fees without considering them. Assuming that these precedents are applicable in the EAJA context, I am of course bound to apply them even in cases where the parties have not cited such authorities as applicable.

**5.** Such a fee will not exceed, in the aggregate, the $75.00 per hour "target rate" set by the EAJA, *see* 28 U.S.C. § 2412(d)(2)(A). However, my consideration of the special factors listed in *Kerr* obviously constitutes adequate justification for an increase in the "target rate," *see* 28 U.S.C. § 2412(d)(2)(A)(ii).